BOEHM and others, Appellants, v. WHEELER (Allan B.), and others, d/b/a Wheeler, House & Wheeler, and another, Respondents: WHEELER (S. Lawrence), Defendant.*

*No. 312. Argued November 1, 1974.—Decided November 26, 1974.* (Also reported in 223 N. W. 2d 536.)

* Motion for rehearing denied, with costs, on February 4, 1975.

For the appellants there was a brief by *Foley & Cap-well, S. C.* of Racine, and oral argument by *Rex Capwell.*

For the defendants-respondents Allan B. Wheeler and Joseph P. House there was a brief by *Michael, Best & Friedrich,* attorneys, and *Andrew O. Riteris* of counsel, all of Milwaukee, and oral argument by *Mr. Riteris;* and for the defendant-respondent Ronald E. Barry there was

a brief by *Hayes & Hayes*, and oral argument by *Ronald L. Piette,* all of Milwaukee.

HANLEY, J.   The following issues are presented on this appeal:

1.   May a demurrer to a complaint be sustained on the basis that the claim is barred by the applicable statute of limitations notwithstanding the absence of any allegation in the body of the complaint setting forth the date such action was commenced?

2.   When did the plaintiffs' causes of action accrue for purposes of determining when the statute of limitations began to run?

3.   Does the statute of limitations commence to run at the time the plaintiff, in the exercise of reasonable care, is able to discover the negligent act or omission?

4.   Is the fixing of the date that a statute of limitations begins to run stayed during the period of time in which the defendant attorney continues to represent, counsel and advise the plaintiffs in the same or similar matters?

5.   Does the complaint state facts sufficient to constitute causes of action against the three defendants?

6.   Should the plaintiffs be granted leave to amend their complaint in the event it is found to be lacking a material allegation?

*Date of commencement of action.*

In finding that the statute of limitations barred the plaintiffs' causes of action, the trial court took judicial notice of the case record and files to determine whether or not the action was commenced within the statutory time period.   The court took notice that the action was commenced on September 15, 1972, and found this date to be beyond the period in which the action could be brought.   The affidavits of service of the summons and complaint show that the action was commenced on September 15, 1972.

The appellants contend the trial court was in error in taking judicial notice of the undisputed date on which the action was commenced. We do not agree. A complaint never alleges, and indeed cannot allege, the date on which the action is commenced. However, courts can and do take jurisdiction of demurrers of the type in issue because they can take judicial notice of the commencement of the action. In stating the rule as to what may be considered on demurrer, this court recently said:

"In determining the sufficiency of a complaint on demurrer, except for matters of judicial notice and other minor exceptions, a court is obliged to confine its inquiry to the facts stated in the complaint." *Olson v. St. Croix Valley Memorial Hospital* (1972), 55 Wis. 2d 628, 632, 201 N. W. 2d 63.

Here, the date of the commencement of the action is not in dispute and is stated as being September 15, 1972. The defense of the statute of limitations is listed as one which may be raised by demurrer by sec. 263.07, Stats. Since the date of the commencement of an action does not appear on the face of the complaint the court should be allowed to take judicial notice of that date from its own records. In this case, the affidavit of service is attached to plaintiffs' complaint. To hold otherwise would make sec. 263.07 practically meaningless.

*When cause of action accrued.*

The statute of limitations begins to run in Wisconsin when the cause of action accrues. Sec. 893.14, Stats. This section applies to the six-year statute of limitations involved in this case. Sec. 893.19, provides:

"Within 6 years:
"...

"(3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in ss. 893.16 and 893.18.
"...

"(5) An action to recover damages for an injury to property, or for an injury to the character or rights of another, not arising on contract, except in case where a different period is expressly prescribed."

An action for malpractice against an attorney may sound in tort as well as contract. *Denzer v. Rouse* (1970), 48 Wis. 2d 528, 180 N. W. 2d 521. In this case, the breach of any contract clearly occurred when the application for the patent was not timely filed and when the allegedly erroneous advice as to giving out the "trade secrets" was given. The amendment to the tenth paragraph of the first cause of action shows that the power units were sold and put into public use prior to November 25, 1964, so that even under the facts of the amendment the last day for filing the application must have been prior to November 25, 1965. The second cause of action alleges that upon reliance on the advice of Allan Wheeler, the plaintiffs sent models to Kawneer in October, 1964, and to Stanley in June, 1965. Since the action was not commenced until September 15, 1972, the statute of limitations would bar both causes of action if brought on contract because the action was not commenced within six years.

However, since an action for malpractice may sound in tort, three dates are involved: (1) The date of the negligent act or omission; (2) the date of the injury; and (3) the date of discovery of the injury. *Denzer v. Rouse, supra.* In *Olson v. St. Croix Valley Memorial Hospital, supra,* at page 632, this court stated that:

"We, therefore, have indicated that in a malpractice case the date of the negligent act is not necessarily the benchmark for the commencement of a period of limitations. Only in the event the injury occurs on the same date can it be said the cause of action then 'accrues.'"

Since this court has refused to accept the "discovery rule" in legal as well as medical malpractice cases, *Denzer v.*

*Rouse,* and *Peterson v. Roloff* (1973), 57 Wis. 2d 1, 203 N. W. 2d 699, the date of the injury becomes the important date.

The question then becomes when did the injury occur. The trial court held that the injury alleged in the first cause of action occurred not later than October 31, 1965, or one year following the day the patentable process was placed in public use and sold. However, under the stipulation and order amending the tenth paragraph of the complaint, November 25, 1965, would be the date considered under the trial court's reasoning. As to the second cause of action, the trial court held that the injury took place, if not at the date that the advice was given, then at the latest on the dates the plaintiffs acted upon the advice by sending models of the power unit to their competitors. The plaintiffs sent models to Kawneer in October, 1964, and to Stanley in June, 1965. Therefore, the trial court concluded that the six-year statute of limitations would have commenced running no later than June 30, 1965. These dates are all well over six years before the action was commenced on September 15, 1972.

The reasoning of *Denzer v. Rouse, supra,* supports the trial court's determination. In that case, an action was brought against an attorney for negligently drafting a warranty deed. The deed was prepared and the real estate transaction was consummated in 1947. The plaintiffs commenced their action against the estate of the attorney sometime subsequent to a 1967 decision of this court. This court held that the injury occurred in 1947 on the date of consummation of the real estate transaction because it was on that date that they paid for and received the property described in the deed prepared by the attorney.

In *Olson v. St. Croix Valley Memorial Hospital, supra,* this court held that the injury to the plaintiff occurred when she received a blood transfusion rather than when

the plaintiff gave birth to a child who lived only seven hours or when the plaintiff delivered a stillborn child.

Under the reasoning of these cases, the trial court's determinations as to when the causes of action accrued are correct. It was in October or November, 1965, that the plaintiffs lost their right to get a patent on the power unit. We think that the loss of the right to a patent is the loss of the right to exclude others and, therefore, the injury occurred on that date the right to a patent was lost. Patents do have the attributes of personal property and are assignable. 35 U. S. Code, sec. 261. The right to exclude others is a valuable right and the loss of it would be an injury which would commence the running of the statute of limitations. Therefore, the trial court was correct in holding the first cause of action accrued in 1965.

As to the second cause of action, the plaintiffs argue that the loss suffered by them was not the loss of the invention or patent right, but the loss of that portion of the profits or compensation the plaintiffs would have received or been entitled to receive from their competitors as a result of the "unauthorized sale" of the product they invented. They contend, therefore, that it was not until 1968, when Kawneer and Stanley began marketing the product, that they were injured and the statute of limitations did not begin to run until then. The defendants counter by claiming that the plaintiffs lost their rights in the invention in 1964, and 1965, when disclosure of it was made to the competitors.

Because the plaintiffs did not have a patent on the power unit and because the unit had been sold and was in public use it is questionable if they had any rights or interests in their invention.

"The nature of a trade secret is such that, so long as it remains a secret, it is valuable property to its possessor who can exploit it commercially to his own advantage. Once the secret is published to the 'whole world,' how-

ever, it loses its protected status and becomes available to others for use and copying without fear of legal reprisal from the original possessor." *Underwater Storage, Inc. v. United States Rubber Co.* (D. C. Cir. 1966), 371 Fed. 2d 950, 954, certiorari denied (1967), 386 U. S. 911, 87 Sup. Ct. 859, 17 L. Ed. 2d 784. *See also: Abbott Laboratories v. Norse Chemical Corp.* (1967), 33 Wis. 2d 445, 147 N. W. 2d 529.

If the plaintiffs did have an interest in their invention the injury to that interest occurred when disclosure of the power unit was made. Comment *c* to the Restatement, 4 *Torts* (1939), sec. 757, states:

"*c. Disclosure or use.* One who has a trade secret may be harmed merely by the disclosure of his secret to others as well as by the use of his secret in competition with him. A mere disclosure enhances the possibilities of adverse use. The persons to whom the disclosure is made may or may not be liable . . . for the subsequent use . . . . Since a trade secret is vendible and since its value depends in part upon its secrecy, a mere disclosure may reduce the vendibility or sale value of the secret. . . ."

We conclude that the injury to the plaintiffs' interests would have occurred when they sent models of the power unit to their competitors, if not before. It was then that they were injured by the defendants' allegedly erroneous advice, if at all.

*Discovery rule.*

The plaintiffs ask this court to adopt the "discovery rule" which holds that the statute of limitations does not start to run until the injured party discovers his injury. This court has refused to adopt this rule in legal malpractice cases. *Denzer v. Rouse, supra.* In *Peterson v. Roloff, supra,* this court, in a medical malpractice case said that it believed "that the change of the statute of limitations is peculiarly a question of policy which should be left to the legislature to make if so convinced."

Since the date of that decision, three bills were introduced in the legislature dealing with the discovery rule during the 1973 session: 1973 Senate Bill 190 and 1973 Assembly Bills 652 and 1049. The legislature did not pass any of these bills. Only Senate Bill 190 deals with injuries to property as involved here. The two Assembly Bills would only have applied the discovery rule to personal injury cases involving health care services.

*Continuous treatment doctrine.*

The plaintiffs also ask this court to adopt the "continuous treatment" doctrine to be applied in legal malpractice cases. Under this rule the statute of limitations is said not to start to run as long as the attorney continues to represent the client.

Plaintiffs cite cases of other jurisdictions as authority supporting their request. However, in *Reistad v. Manz* (1960), 11 Wis. 2d 155, 158, 105 N. W. 2d 324, this court said:

"The plaintiff relies upon cases in other jurisdictions and based upon the statutes of other states. Decisions of the courts of other states involving their statutes and prior decisions are of little value in cases arising in Wisconsin under Wisconsin law. We must look to the Wisconsin statutes and decisions of this court interpreting the same."

In that case the discovery rule was rejected.

As has been noted, sec. 893.14, Stats., provides that the statute of limitations begins to run when the cause of action accrues and the decisions of this court hold that the cause of action accrues when the plaintiff has suffered an injury. Therefore, we conclude, like the discovery rule, the "continuous treatment" doctrine is one for the legislature rather than this court to consider.

The plaintiffs argue that this doctrine is not another name for the discovery rule, but rather it is more like

the doctrine of equitable estoppel. This court has recognized that a defendant may in the proper case be estopped from asserting the statute of limitations because of fraudulent conduct. *State ex rel. Susedik v. Knutson* (1971), 52 Wis. 2d 593, 191 N. W. 2d 23. In that case the court enumerated the following rules to be applied in determining whether the defendant should be estopped from asserting the statute of limitations:

(1) The doctrine of estoppel may be applied to preclude a defendant from asserting the statute of limitations when he has been guilty of fraudulent or inequitable conduct;

(2) the aggrieved party must have failed to commence an action within the statutory period because of reliance upon the representation or acts of the defendant;

(3) the acts, promises or representations must have occurred before the expiration of the limitation period;

(4) after the inducement for delay has ceased to operate the aggrieved party may not unreasonably delay;

(5) affirmative conduct of the defendant may be equivalent to a representation upon which the plaintiff may rely to his disadvantage; and

(6) actual fraud, in a technical sense, is not required.

This court went on to say that the ". . . issue is whether the conduct and representations of appellant were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions." *State ex rel. Susedik v. Knutson, supra,* page 598.

This rule of estoppel is compatible with the Wisconsin law on when causes of action accrue and when, therefore, the statute of limitations begins to run. The adoption of the "continuous treatment" doctrine in legal malpractice cases would change the existing law by staying the running of the statute of limitations in some cases to a date subsequent to the date of the injury.

Alternatively plaintiffs propose that notwithstanding the lack of "fault" or intention to cover up past mistakes

the "continuous treatment" doctrine should be adopted by the court as a species of the doctrine of equitable estoppel. We disagree with this theory. Equitable estoppel is by definition based upon the fraudulent or other wrongful conduct on the part of the party claiming the limitations bar and upon the detrimental reliance upon such fraudulent or wrongful conduct by the party claiming injury. *Peters v. Kell* (1960), 12 Wis. 2d 32, 106 N. W. 2d 407. The express proposition here on appeal is that the "continuous treatment" be applied despite the lack of "fault" or wrongful conduct and thus by the very nature of the theory stated, it cannot be based upon the theory of estoppel.

*Sufficiency of facts stated in the complaint.*

The defendants Wheeler and House contend that the question of whether or not the complaint states facts sufficient to constitute a cause of action is not before this court because the trial court did not rule on that portion of the demurrers. Therefore, they did not respond to the argument.

The trial court did not rule on those portions of the defendants' demurrers dealing with whether or not the complaint stated facts sufficient to constitute a cause of action. The order appealed from specifically states that the demurrers were sustained on the basis that the causes of action pleaded are barred by the statute of limitations and dismissed the amended complaint. Therefore, the only question before the court is the question of the statute of limitations.

*Amendment of pleadings.*

The plaintiffs have already amended their complaint once. They ask to be allowed to amend their complaint a second time in the event this court reverses the order of the trial court for any reason stated above or "for any

other reason, but for an indefinite, ambiguous or failure of the complaint to set forth a particular fact or ultimate fact." The record does not indicate that any formal motion was brought before the trial court for leave to amend. Letters from the judge and counsel for the plaintiffs indicate that counsel for plaintiffs had desired that the order grant the right to amend. However, the court refused to do so.

Because the record and plaintiffs' brief do not indicate any facts to support a motion to amend if one were actually made and because the trial court, in its discretion, may deny plaintiffs opportunity to plead over where it appears that a sufficient complaint cannot be framed, *Pedrick v. First Nat. Bank of Ripon* (1954), 267 Wis. 436, 66 N. W. 2d 154, the plaintiffs' request must be denied.

*By the Court.*—Order affirmed.