Louis J. KELLER and Cyril N. Keller, Plaintiffs,

v.

CLARK EQUIPMENT COMPANY and Clark Equipment, A. G., Defendants.

CLARK EQUIPMENT COMPANY, Plaintiff,

v.

Louis J. KELLER and Cyril N. Keller, Defendants.

CLARK EQUIPMENT COMPANY, Third-Party Plaintiff,

v.

WILLIAMSON, BAINS & MOORE, Third-Party Defendant.

Civ. Nos. 4839, 4875.

United States District Court, D. North Dakota, Southeastern Division.

Aug. 16, 1979.

will be discussed in this order. A more complete procedural history of the cases may be found at 570 F.2d 778 (8th Cir. 1978) and in the order of this court of March 20, 1979, in No. 4875.

The motions are as to claims against Clark by the Kellers alleging that the invalidity of patent No. 3,231,117 (the 117 patent) is due to the failure of Clark's predecessor, Melroe Company, to file a patent application within one year after the sale of one of the machines incorporating the invention that was the subject of the 117 patent. The Kellers proceed under two theories in pursuing these claims: tort and contract.

The Kellers' tort claim is that Melroe Company assumed control of the preparation, filing and prosecution of the patent application which matured into the 117 patent, and that Melroe Company had a duty to diligently prepare and timely file the application for the 117 patent on behalf of Louis Keller and his co-inventor, Clifford E. Melroe. It is alleged that Melroe Company breached that duty by failing to file the patent application on or before September 30, 1962, one year after the sale of a machine incorporating the invention that was the subject of the 117 patent.

The Kellers' contract claim is that in May or June of 1962, Melroe Company, through its president, Clifford E. Melroe, entered into an agreement with Louis Keller whereby Melroe would prepare and file, through its attorneys, a patent application for the invention that was the subject of the 117 patent. By failing to file the patent application on or before September 30, 1962, Melroe Company allegedly breached its contract.

The Kellers also assert a claim under the theory of quasi-contract. This claim, however, adds nothing to the tort and contract claims and is in fact not a statement of a separate cause of action at all, but merely a statement of the measure of damages the Kellers believe should be applied if it is held they are entitled to recovery under either theory. That measure of damages would be the royalties that would have accrued to

Alan Foss, Van Osdel, Foss & Miller, Fargo, N. D., for Louis J. Keller and Cyril N. Keller; Williamson, Bains & Moore, Malcolm L. Moore and Herman H. Bains, Minneapolis, Minn., of counsel.

Kermit E. Bye, Vogel, Vogel, Brantner & Kelly, Fargo, N. D., for Clark Equipment and Clark Equipment, A.G.; Thomas D. Allen and Fred E. Schulz, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Jack E. Toliver, Buchanan, Mich., of counsel.

## ORDER

BENSON, Chief Judge.

Clark Equipment Co. (Clark), plaintiff in Civil No. 4875 and defendant in Civil No. 4839, has moved for summary judgment as to certain claims asserted against it by way of complaint in No. 4839 and counterclaim in No. 4875. Because the claims against Clark in both cases are identical, this order will treat and dispose of the motions for summary judgment in both cases.

The pending motions in these cases are but a small part of a dispute that has been in this court for over six years. Only the facts relevant to the motions now at issue

the Kellers from the sale of the machines incorporating the device that was the subject of the 117 patent had Melroe Company not breached its duty or its contract, which breach resulted in the invalidity of the 117 patent.

Clark contends it is entitled to summary judgment on these claims because they are barred by the statute of limitations. Clark also contends that it is entitled to summary judgment as to certain claims against it by Cyril Keller because he is not a named co-inventor on the 117 patent.

I. *The Summary Judgment Standard*

A party is entitled to summary judgment if there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. F.R.Civ.P. 56(c). Summary judgment is an extreme remedy and it is not to be entered unless the moving party establishes its right to a judgment in its favor with such clarity as to leave no room for controversy and the other party is not entitled to recover under any discernible circumstances. In ruling on the motion the court must view the facts in the light most favorable to the party opposing the motion and must give that party the benefit of all reasonable inferences to be drawn from the facts disclosed. *Equal Employment Opportunity Comm'n v. Liberty Loan Corp.,* 584 F.2d 853, 857 (8th Cir. 1978).

II. *The Statute of Limitations*

N.D.Cent.Code § 28–01–16 provides that actions on a contract, express or implied, or for any injury to the person or rights of another not arising upon contract, must be commenced within six years after the cause of action has accrued. Clark argues that because the last day on which the patent application in question could have been filed for the patent to be valid was September 30, 1962, the cause of action accrued and the statute of limitations began to run on that date. If this were so, the Kellers' actions against Clark would be barred by the statute after September 30, 1968.

The Kellers contend the statute of limitations did not begin to run until the Eighth Circuit Court of Appeals in 1978 affirmed this court's holding that the 117 patent is invalid. *See Clark Equipment Co. v. Keller,* 570 F.2d 778 (8th Cir.), *cert. denied,* 439 U.S. 825, 99 S.Ct. 96, 58 L.Ed.2d 118 (1978).

Clark cites *Boehm v. Wheeler,* 65 Wis.2d 668, 223 N.W.2d 536 (1974) in support of its contention that the statute of limitations began to run in 1962. *Boehm* was a legal malpractice action wherein it was alleged that defendant, an attorney, negligently failed to file a patent application within one year after plaintiff's invention was sold and placed in public use. The last date on which a valid patent application could have been filed was in October or November, 1965. The action against the attorney was commenced on September 15, 1972. Wisconsin had a six year statute of limitations on actions on a contract or for injury to the person or rights of another. Apparently, no patent was ever issued by the United States Patent Office, or if one was, no royalties were ever received by plaintiffs pursuant to a license agreement.

On these facts, the Supreme Court of Wisconsin held that plaintiffs' cause of action accrued in 1965 and that it was barred by the statute of limitations after 1971. In so holding, the court stated as follows:

> It was in October or November, 1965 that plaintiffs lost their right to get a patent on the power unit. We think that the loss of the right to a patent is the loss of the right to exclude others and, therefore, the injury occurred on that date the right to a patent was lost. Patents do have the attributes of personal property and are assignable. 35 U.S.C., Sec. 261. The right to exclude others is a valuable right and the loss of it would be an injury which would commence the running of the statute of limitations. Therefore, the trial court was correct in holding the first cause of action accrued in 1965.

223 N.W.2d at 541.

Plaintiffs in *Boehm* had argued that the court should adopt the "discovery rule," *i. e.,* that the start of limitations does not start to run until the injured party dis-

covers his injury. The court refused to adopt the discovery rule in legal malpractice cases, *citing Peterson v. Roloff,* 57 Wis.2d 1, 203 N.W.2d 699 (1973), and *Denzer v. Rouse,* 48 Wis.2d 528, 180 N.W.2d 521 (1970), and held that the statute runs from the time of the injury regardless of when that injury was discovered.

Clark contends that the injury to the Kellers, if any, occurred when the time period for filing a valid patent application expired in 1962 and not when the Kellers discovered that the late filing of that application rendered the 117 patent invalid.

The court does not find *Boehm v. Wheeler* to be applicable to the facts of this case. In *Boehm,* a patent was apparently never issued because of the tardy filing of the application, or if one was issued, plaintiffs never received royalties pursuant to a license agreement. Here, a patent was issued in 1966 and the Kellers received royalties pursuant to license agreements until some time in 1972.

■ It is the law in North Dakota that the statute of limitations begins to run when the cause of action accrues. A cause of action accrues when the right to commence it comes into existence; when it can be brought in a court of law without being subject to dismissal for failure to state a claim. N.D.Cent.Code § 28–01–16; *City of Beach v. Goepfert,* 147 F.2d 480, 487 (8th Cir. 1945). Normally, a cause of action accrues at the time the wrongful act is committed. *Fox v. Higgins,* 149 N.W.2d 369 (N.D.1967). But an essential element of every cause of action is that plaintiff has suffered an injury caused by defendant's wrongful act. Injury is usually but not always contemporaneous with the wrongful act. It is the conjunction of damage and wrongful act that creates a cause of action for tort or contract, and there is no cause of action if either damage or wrong is wanting. *Milde v. Leigh,* 75 N.D. 418, 28 N.W.2d 530, 537 (1947); *See also Holifield v. Setco Industries, Inc.,* 42 Wis.2d 750, 168 N.W.2d 177, 180 (1969); *Dalton v. Dow Chemical Co.,* 280 Minn. 147, 158 N.W.2d 580, 584 (1968).

■ The Kellers' cause of action in this case accrued no earlier than 1972, when Clark stopped paying them royalties based on the 117 patent. Before then, the Kellers had suffered no injury and therefore had no cause of action, even though the wrongful act occurred in 1962. The Kellers first asserted their claims against Clark in 1973, and any additional claims that may have been raised by their amended counterclaim and amended complaint filed in 1979 would relate back to the time the original pleadings were filed. F.R.Civ.P. 15(c). The statute of limitations is no bar to the assertion of the Kellers' claims against Clark and the motion for summary judgment on that ground is therefore denied.[1]

A different result might have been required if the United States Patent Office had refused to issue a patent to Louis Keller and Clifford E. Melroe. In such a situation it would seem the reasoning of *Boehm v. Wheeler, supra,* would be applicable because the injury and the wrongful act would have then coincided. In this case the issuance of the patent and the payment of royalties until almost ten years after the wrongful act mandate a different result.[2]

## III. *Cyril Keller*

■ Clark contends Cyril Keller should be dismissed as to certain claims he asserts with Louis Keller against Clark because he is not a named co-inventor on the 117 patent, and therefore has no standing.

Cyril Keller is named as a co-inventor on the 503 patent but not on the 117 patent. He is, however, a co-licensor in the 1971 license agreement with Clark which covers all three patents and thereby has standing to remain in the case. The motion for

---

1. It is not necessary for the court to decide whether the Kellers' cause of action accrued as late as 1978, when the Court of Appeals upheld this court's holding that the 117 patent was invalid.

2. The result reached here is not based on the discovery rule, or on any theory of fraud or estoppel. The Kellers had no cause of action earlier than 1972.

summary judgment as against Cyril Keller is also denied.

## IV. *Order*

IT IS ORDERED that Clark's motions for summary judgment in Civil No. 4839 and Civil No. 4875 are DENIED.