Marjorie MATTHEWS, as surviving spouse and on behalf of surviving children of Alex Matthews, and as personal representative of the Estate of Alex Matthews, deceased, Plaintiff,

v.

The CELOTEX CORPORATION, A Delaware Corporation; Owens-Corning Fiberglass Corp., A Delaware Corporation; Owens-Illinois, Inc., An Ohio Corporation; Fibreboard Corp., A Delaware Corporation; Unarco Industries, Inc., an Illinois Corporation; GAF Corporation, A Delaware Corporation; Armstrong World Industries, Inc., a Pennsylvania Corp.; Forty-Eight Insulation, Inc., an Illinois Corp.; H.K. Porter Company, Inc., a Pennsylvania Corp.; Pittsburgh-Corning Corporation, a Pennsylvania Corp.; Garlock, Inc., a New York Corp.; Carey Canada, Inc., a foreign corporation; Johns-Manville Sales Corporation, a Delaware Corp.; and Standard Asbestos Mfg. & Insulation Co., a Missouri Corp., Defendants.

Civ. No. A3–81–2.

United States District Court,
D. North Dakota,
Southeastern Division.

Sept. 8, 1983.

Shelley J. Lashkowitz, Lashkowitz Law Offices, P.C., Fargo, N.D., for plaintiff; Ronald L. Motley, Barnwell, S.C., Richard H. Middleton, Jr., Savannah, Ga., of counsel.

Richard N. Jeffries, Moorhead, Minn., for The Celotex Corp.

Todd W. Foss, and Martin N. Burke, John Borger, Van Osdel, Foss & Miller, Fargo, N.D., Faegre & Benson, Minneapolis, Minn., for Owens-Corning Fiberglass Corp.

John D. Kelly, Douglas Herman, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N.D., for Owens-Illinois, Inc.

Frank Magill, Stephen Plambeck, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N.D., for Fibreboard Corp.

Patrick W. Durick, Pearce, Anderson & Durick, Bismarck, N.D., for GAF Corp.

Armond G. Erickson, Tenneson, Serkland, Lundberg & Erickson, Fargo, N.D., for Armstrong World Industries, Inc.

A. William Lucas, Lundberg, Conmy, Nodland, Lucas & Schulz, P.C., Bismarck, N.D., for Forty-Eight Insulation, Inc.

Colin Bailey, Wahpeton, N.D., Richard R. Quinlivan, Quinlivan & Williams, St. Cloud, Minn., for H.K. Porter Co., Inc.

Gerald W. Jukkala, Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, N.D., for Pittsburgh Corning Corp.

Patrick R. Morley, O'Grady & Morley, Grand Forks, N.D., for Garlock, Inc.

Richard N. Jeffries, Cahill Law Firm, Moorhead, Minn., for Carey Canada, Inc.

Alden H. Gjevre, Thysell, Gjevre, McLarnan, Hannaher, Vaa & Skatvold, Moorhead, Minn., for Johns-Manville Sales Corp.; Harold A. Halgrimson, Fargo, N.D., of counsel.

John P. Grosz, Fargo, N.D., for Standard Asbestos Mfg. & Insulation Co.; Bradley Jones, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., of counsel.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

This diversity action involves claims under theories of strict liability, negligence, and breach of warranty against alleged manufacturers, miners, processors, importers, converters, compounders, and/or retailers of asbestos products. Marjorie Mat-

thews, as surviving spouse, personal representative, and on behalf of surviving children of her deceased insulation worker husband Alex D. Matthews, is seeking damages for alleged wrongful death and surviving claims of her husband.

Following discovery, all defendants except Unarco Industries, Inc. and Johns-Manville Sales Corp. moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 5. A hearing was held on the motion.

The underlying facts are not in dispute. Alex Matthews worked as an insulator and applied various insulation products, including some containing asbestos, from 1943 until his retirement in the early 1970s. In the mid-1960s Matthews began to experience respiratory problems. On August 27, 1969, he consulted Dr. Eusebio R. Mendoza about shortness of breath. Matthews informed Dr. Mendoza that his shortness of breath problem dated many years back, but that it had recently been bothering him more than usual. Deposition of Eusebio R. Mendoza, M.D., at 16, *Matthews v. Celotex Corp.*, No. A3–81–2 (D.N.D. filed Jan. 9, 1981). Dr. Mendoza found evidence of restrictive pulmonary disease and pulmonary fibrosis during his treatment of Matthews between August and October of 1969. *Id.* at 18–21 and 38. Asbestosis was listed by Dr. Mendoza as a possible cause of Matthews' medical problems. *Id.* at 19. The working diagnosis was communicated to Matthews by Dr. Mendoza. *Id.* at 38. Additionally, when Matthews came to see Dr. Mendoza in 1969 he was already aware of some potential health problems associated with his exposure to asbestos. *Id.* at 23.

Alex Matthews commenced this litigation against the defendants on or about January 9, 1981. He died on January 31, 1981. The cause of death was determined to be pulmonary adenocarcinoma. Autopsy of Alex Matthews at 3. Marjorie Matthews, Alex Matthews' wife, converted Alex Matthews' original lawsuit to one seeking remedies pursuant to North Dakota's wrongful death and survival statutes. This conversion was by leave of court dated November 27, 1981.

The parties apparently disagree as to the cause of Matthews' pulmonary adenocarcinoma. Plaintiffs contend that it was caused by Matthews' exposure to asbestos; defendants contend it was caused by something other than asbestos exposure—most probably life-long smoking.

Defendants have moved for summary judgment on the grounds that the survival and wrongful death claims of the plaintiffs are time-barred. Summary judgment is appropriate when there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). It should not be granted, however, unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy. *See Snell v. United States,* 680 F.2d 545, 547 (8th Cir.1982). The court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the underlying facts. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970). Should there be any reasonable doubt as to the existence of a genuine issue of material fact, summary judgment must be denied. *Giordano v. Lee,* 434 F.2d 1227, 1231 (8th Cir.1970), *cert. denied,* 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971).

Defendants contend that the plaintiff's wrongful death and survival actions are time-barred or, in the alternative, are barred by the equitable doctrine of laches. Because jurisdiction in this case is based on the diversity of citizenship of the parties, the court in ruling on this motion must apply the substantive law of North Dakota. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

### PLAINTIFF'S SURVIVAL CLAIM

North Dakota's survival statute provides as follows:

No cause of action, except for breach of promise, alienation of affections, libel and slander, shall abate by the death of a party or of a person who might have been a party had such death not occurred.

N.D.Cent.Code § 28–01–26.1. The North Dakota Supreme Court has recently held that a survival action may be commenced at

any time within the period which the decedent could have brought an action under the applicable statute of limitations if he had not died. *Hulne v. International Harvester Co.,* 322 N.W.2d 474, 477 (N.D.1982). If the applicable statute of limitations period expires within one year from the decedent's death, a survival action may be commenced at any time within one year of the decedent's death. *Id.;* N.D.Cent.Code § 28–01–25. Therefore, the timeliness of Alex Matthews' original personal injury action controls the maintenance of the survival action.

The longest statute of limitations arguably applicable to Alex Matthews' original personal injury action is found in North Dakota Century Code section 28–01–16(5). This section provides in pertinent part as follows:

> The following actions must be commenced within six years after the cause of action has accrued:
>
> . . . .
>
> 5.  An action for criminal conversation or for any other injury to the person or rights of another not arising upon contract, when not otherwise expressly provided . . . .

N.D.Cent.Code § 28–01–16(5). Alex Matthews commenced this lawsuit January 9, 1981. Therefore, if Matthews' cause of action accrued prior to January 9, 1975 the survival action brought on his behalf is time-barred.

■ The accrual of a cause of action under North Dakota law has been summarized as follows:

> It is the law in North Dakota that the statute of limitations begins to run when the cause of action accrues. A cause of action accrues when the right to commence it comes into existence; when it can be brought in a court of law without being subject to dismissal for failure to state a claim (citations omitted). Normally, a cause of action accrues at the time the wrongful act is committed. (citations omitted). But an essential element of every cause of action is that plaintiff has suffered an injury caused by defendant's wrongful act. Injury is usu-

ally but not always contemporaneous with the wrongful act. It is the conjunction of damage and wrongful act that creates a cause of action for tort or contract, and there is no cause of action if either damage or wrong is wanting (citations omitted).

*Keller v. Clark Equipment Co.,* 474 F.Supp. 966, 969 (D.N.D.1979), aff'd, 715 F.2d 1280 (8th Cir.1983). In the absence of fraud, neither the ignorance of a person of his right to bring an action, nor the mere silence of one against whom the action may be brought prevents or interrupts the running of a statute of limitations. *Gipson v. First National Bank,* 97 N.W.2d 671, 676 (N.D.1959).

Plaintiff argues on the basis of a recent decision of the District of Columbia Court of Appeals that distinct diseases arising out of the same asbestos exposure give rise to separate causes of action. *Wilson v. Johns-Manville Sales Corp.,* 684 F.2d 111, 112 (D.C. Cir.1982). According to the circuit court, the statute of limitations on separate and distinct diseases does not begin to run until the disease becomes manifest. *Id.* However, this apparently is not the law in North Dakota. The North Dakota Supreme Court has repeatedly held that a single cause of action cannot be divided, and that where there is a single cause of action, although there may be different kinds of damages, only one suit can be brought. *See, e.g., Farmers Insurance Exchange v. Arlt,* 61 N.W.2d 429, 434 (N.D.1953); *Jacobson v. Mutual Ben. Health & Accident Ass'n,* 73 N.D. 108, 114, 11 N.W.2d 442, 446 (1943). *See also Dalton v. Dow Chemical Co.,* 280 Minn. 147, 154, 158 N.W.2d 580, 585 (1968); *Connelly v. Paul Ruddy's Equipment Repair & Service Co.,* 388 Mich. 146, 200 N.W.2d 70, 73 (1972):

■ Applying the foregoing legal analysis to the facts in this case, it is the opinion of this court that plaintiff's survival claim is time barred. Alex Matthews' claim for injuries allegedly caused by his exposure to asbestos accrued more than six years prior to his bringing this lawsuit. According to the deposition of Dr. Mendoza, Matthews was first seen by Dr. Mendoza in August

1969. At that time Matthews told Dr. Mendoza that he was aware of the dangers of asbestos exposure, and that he had been experiencing respiratory difficulties for four to five years. Mendoza Deposition Exhibit 1 at 4. Had Matthews commenced this lawsuit within six years after he began experiencing breathing difficulties in 1964 or 1965, the action would not have been subject to dismissal for failure to state a claim. Therefore, under *Keller,* because Matthews' injury became manifest long before he commenced his lawsuit on January 9, 1981, the action is time barred. Even if the court assumes that no injury occurred prior to Matthews being told by Dr. Mendoza that he had asbestosis, the statute of limitations would have run in August 1975.

Plaintiff's survival action is wholly derivative of Alex Matthews' personal injury claim. Matthews' cause of action arising out of his exposure to asbestos accrued no later than 1969, when he was told that his breathing problems may have been caused by his exposure to asbestos. The statute of limitations on Matthews' personal injury claim had therefore run prior to commencement of the lawsuit in 1981. Therefore, plaintiff's derivative action is likewise time barred.

### PLAINTIFF'S WRONGFUL DEATH CLAIM

North Dakota's Wrongful Death statute provides as follows:

> Whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect, or default is such as would have entitled the party injured, if death had not ensued, to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation or company which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

N.D.Cent.Code § 32–21–01. The statute of limitations applicable to wrongful death actions provides in pertinent part as follows:

The following actions must be commenced within two years after the cause of action has accrued:

> .     .     .     .     .

> 4. An action for injuries done to the person of another, when death ensues from such injuries, and the cause of action shall be deemed to have accrued at the time of the death of the party injured.

N.D.Cent.Code § 28–01–18(4).

Defendants contend that plaintiff's wrongful death claim is time barred because, like the survival claim, it too is derivative of the deceased's cause of action. The basis for this contention is the language of the statute itself. The statute provides that a wrongful death action may be maintained only where the wrongful act "is such as would have entitled the party injured, if death had not ensued, to maintain an action and recover damages in respect thereof." N.D.Cent.Code § 32–21–01. This language, according to the defendants, makes a right of action in the decedent at the time of death a condition precedent to a wrongful death action. *See, e.g., Mason v. Gerin,* 231 Kan. 718, ——, 647 P.2d 1340, 1345 (1982).

The wrongful death statute creates a separate and distinct cause of action for the benefit of the heirs which accrues upon the death of the decedent. *Sheets v. Graco,* 292 N.W.2d 63, 67 (N.D.1980); N.D. Cent.Code § 28–01–18(4). The court need not decide whether a right of action in the decedent is a condition precedent to a wrongful death action. The decedent in this case, during his lifetime, alleged a cause of action which, if proved, would have entitled him to recover damages, but for the interposing of the affirmative defense of the statute of limitations. The statute of limitations which bars the decedent's cause of action does not bar the separate and distinct cause of action which arose at the time of death for his heirs. It is subject to a two year statute of limitations which did not begin to run until his death. This wrongful death action was commenced within that two year period.

Additionally, plaintiff's wrongful death claim is not barred by equity. In order to apply the doctrine of laches, three elements must be established: (1) unexcusable time delay by the plaintiff; (2) plaintiff's actual or presumptive awareness of his rights; and (3) prejudice to the defendants. *Richland County v. North Dakota,* 180 N.W.2d 649, 657 (N.D.1970); *Dakota Trust Co. v. Headland,* 57 N.D. 810, 224 N.W. 220 (1929). Those elements cannot be found to exist in this wrongful death action.

IT IS ORDERED plaintiff's survival claim is dismissed.

IT IS FURTHER ORDERED defendant's motion for summary judgment of dismissal of plaintiff's wrongful death action is denied.