Frederick E. FINCH, Plaintiff
and Appellant,

v.

Norman J. BACKES, Defendant
and Appellee.

Civ. No. 910418.

Supreme Court of North Dakota.

Nov. 5, 1992.

Pearson, Christensen, Larivee & Fischer, Grand Forks, for plaintiff and appellant; argued by Jon Jensen.

Haugland, Halbach & Halbach, Devils Lake, for defendant and appellee; argued by Peter K. Halbach.

LEVINE, Justice.

Frederick E. Finch appeals from a district court[1] summary judgment dismissing his legal malpractice action against Norman J. Backes on the ground that the statute of limitations had run. We reverse and remand.

Finch was injured on December 7, 1971, when his vehicle was involved in a collision with a vehicle owned by Kiefer Chevrolet Company, a Minnesota corporation, and operated by Betty Ann Gillette, a Minnesota resident. In 1973, Finch engaged Backes to bring a damage action for injuries received in the accident. In 1978, Backes informed Finch that the statute of limitations had run, barring the contemplated lawsuit, and suggested that Finch consult another attorney.

Finch sued Backes on September 17, 1980, alleging negligence in permitting the statute of limitations to run, barring Finch's claim against Kiefer Chevrolet Company and Gillette. Finch filed an amended complaint dated July 2, 1981. The amended complaint added a second count for injury due to Backes' delay in bringing suit, alleging in part:

> "If the Court finds that the Plaintiff's cause of action in the State of North Dakota has not been barred by the Statute of Limitations, the Plaintiff has still suffered grievous mental harm and anguish as a result of the Defendant's negligence in not promptly and competently carrying forward a legal matter entrusted to him."

Backes moved for summary judgment, asserting that the statute of limitations for suit against Gillette and Kiefer Chevrolet Company had not run and that damages for emotional distress could not be recov-

1. The Honorable Joel D. Medd.

ered "absent some specific act on the part of the attorney amounting to conduct so outrageous as to be shocking." Finch responded to the motion by requesting the court to "dismiss the [action] without prejudice and to toll the running of any statute of limitation in this action until the original action involving the Plaintiff and tort feasors Betty Ann Gillette and Kiefer Chevrolet can be commenced and fully litigated." On June 9, 1982, the district court [2] dismissed Finch's action against Backes without prejudice, ruling that "Plaintiff's action against the Defendant is premature and any action the Plaintiff may have has not yet accrued." [3]

Finch sued Gillette and Kiefer Chevrolet in 1982. The district court [4] issued its findings of fact, conclusions of law and order for judgment in favor of Finch for $24,-653.81 on November 3, 1987. Judgment was entered on December 3, 1987. On appeal, this court summarily affirmed the judgment under Rule 35.1(a)(2), NDRAppP, on July 19, 1988. We issued our mandate on August 12, 1988.

Finch sued Backes again by serving a summons on November 3, 1989. The complaint, dated April 11, 1991, alleged:

### "XI.

"The negligence of the Defendant has caused serious psychological and emotional problems for the Plaintiff. Because of the length of time involved and the failure of the Defendant to promptly dispose of the case by trial or some other method of settlement, the Plaintiff became obsessed with the litigation to the extent that it has affected his ability to function in society. The psychological

problems became so severe that a current diagnosis indicates that the Plaintiff suffers psychological problems affecting physical illness, and chronic pain syndrome. Further, such psychological problems further complicated the physical injuries that the Plaintiff suffered from the accident.

\* \* \* \* \* \*

### "XIV.

"The Defendant has failed to exercise the degree of care commonly possessed and exercised by other reasonable, careful and prudent lawyers in North Dakota. The Defendant has violated the Code of Professional Responsibility by neglecting the Plaintiff's case after accepting it and by not promptly disposing of the case by trial or otherwise. The Defendant has failed to act competently by neglecting a legal matter entrusted to him and has failed to represent a client zealously by not carrying out the contract of employment entered into with a client for professional services.

### "XV.

"The severe and outrageous actions of the Defendant are the proximate cause of the Plaintiff's chronic pain syndrome (severe compensation neurosis)."

By motion of May 6, 1991, Backes moved for dismissal pursuant to Rule 12, N.D.R.Civ.P., "on the grounds that plaintiff fails to state a claim upon which relief can be granted." The brief in support of the motion asserted that Finch's claim against Backes was barred by § 28–01–18(3), N.D.C.C., the statute of limitations applicable to actions for legal malpractice.

---

2. The Honorable Eugene A. Burdick, Surrogate Judge.

3. Judge Burdick thus equated the claim for relief for injury due to delay in bringing suit and the claim for relief for permitting the statute of limitations to run. We need not determine if the ruling is the law of the case. *See Tom Beuchler Constr., Inc. v. City of Williston,* 413 N.W.2d 336, 339 (N.D.1987), in which, quoting *Muhlhauser v. Becker,* 74 N.D. 103, 20 N.W.2d 353, 362 (1945), we observed that "the law of the case includes 'questions which were actually presented and considered at the former trial, or

on appeal from the judgment thereon.'" We also need not determine if, under such circumstances, a person who reasonably concludes that a claim for relief has not yet accrued should be permitted to rely on that judicially-induced conclusion. Nor need we determine when Finch's claim for relief for injury due to delay in bringing suit accrued. The trial court and counsel will have an opportunity to address these undeveloped issues on remand.

4. The Honorable John O. Garaas.

Backes argued that "Plaintiff's present action against defendant was barred after September 1980, through the running of the statute." In his brief in opposition to Backes' motion to dismiss, Finch argued in part:

> "It is the position of the Plaintiff that the cause of action against the Defendant did not arise until the judgment *Finch v. Gillette and Kiefer Chevrolet* was filed on December 3, 1987. Therefore, this action is not barred by the statute of limitations as the Summons was served on November 3, 1989."

On October 22, 1991, the district court issued a memorandum decision granting Backes' motion to dismiss, ruling that the statute of limitations had run:

> "[T]he statute was 'tolled' until the ending of the underlying action of *Finch v. Betty Ann Gillette and Kiefer Chevrolet.* The ending of the underlying action does not start an additional two years for the Statute of Limitations.
>
> "The statute was 'tolled' only until after the suit was completed, in 1987. Finch then had to renew his suit immediately thereafter, or at least within a reasonable time frame."

Because the trial court considered matters outside the pleadings, Backes' motion under Rule 12(b)(v), N.D.R.Civ.P., was treated as a motion for summary judgment under Rule 56, N.D.R.Civ.P. See Rule 12(b), N.D.R.Civ.P. The trial court issued its order for judgment on October 27, 1991, granting Backes' motion for summary judgment of dismissal. A judgment of dismissal was entered on October 31, 1991.

The dispositive issue on appeal[5] is whether the trial court erred in granting summary judgment dismissing the action against Backes on the ground that the stat-ute of limitations had expired because it was tolled only until Finch's action against Gillette and Kiefer Chevrolet "was completed, in 1987."

The trial court's decision to grant summary judgment of dismissal was based upon its determination that the statute of limitations was "'tolled' only until after the suit [against Gillette and Kiefer Chevrolet] was completed, in 1987." We conclude that the trial court erred in determining that Finch's suit against Gillette and Kiefer Chevrolet ended in 1987.

Section 28–05–10, N.D.C.C., provides:

> "A civil action in a district court is deemed to be pending from the time of its commencement until its final determination upon appeal or until the time for appeal has passed, unless the judgment is sooner satisfied."

When an appeal is taken, this court "retains ... jurisdiction until the cause is disposed of and the remittitur filed in the court below." *State v. Jager*, 91 N.W.2d 337, Syllabus ¶ 2 (N.D.1958).

Here, an order for judgment was issued in Finch's suit against Gillette and Kiefer Chevrolet on November 3, 1987, and judgment was entered on December 3, 1987. Those steps did not complete the suit, however. An appeal was taken to this court and we filed our opinion affirming under Rule 35.1(a)(2), NDRAppP, on July 19, 1988. Our mandate was issued on August 12, 1988. Consequently, Finch's suit against Gillette and Kiefer Chevrolet was not finally determined, or completed, until August 12, 1988, and the trial court erred in basing summary judgment of dismissal on the suit's supposed completion in 1987. Under these circumstances, we conclude that the trial court erred in granting sum-

**5.** Finch alleged in his complaint: "The severe and outrageous actions of the Defendant are the proximate cause of the Plaintiff's chronic pain syndrome (severe compensation neurosis)." No question has been raised with regard to whether Backes' actions reached a threshold level enabling or requiring "the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery" and, if so, to submit to the jury the question of whether "the conduct has been sufficiently extreme and outrageous to result in liability." *Muchow v. Lindblad,* 435 N.W.2d 918, 924 (N.D.1989), quoting Comment *h* of the Reporter's Notes to § 46 of the *Restatement (2d) of Torts* (1965). Nor has any question been raised with regard to whether mere delay in filing what ultimately becomes a successful lawsuit is sufficient to impose liability for "serious psychological and emotional problems", *i.e.,* compensation neurosis.

mary judgment of dismissal on the ground that the statute of limitations had run.

Reversed and remanded.

VANDE WALLE, Acting C.J., and VERNON R. PEDERSON, Surrogate Judge, and JOHNSON, J., concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.

MESCHKE, Justice, dissenting.

I agree with Justice Levine's opinion for the majority that the trial court erroneously referred to Finch's suit against Gillette and Keifer Chevrolet as being completed in 1987. The mistake may have been simply inadvertent. Of course, that lawsuit was not completed until our mandate on August 12, 1988. Nevertheless, I would affirm because the statute of limitations ran before Finch sued Backes over a year later.

The trial court fairly reasoned that "[t]he statute was 'tolled' only until after the [Finch v. Gillette] suit was completed...." Certainly, Finch's claim against Backes first accrued in 1978 when Backes told Finch to consult another attorney. A claim accrues the moment that the right to commence an action comes into existence. *Colonial & U.S. Mortgage Co. v. Northwest Thresher Co.*, 103 N.W. 915 (N.D.1905); 51 Am.Jur.2d *Limitations of Action* § 106 (1970). Before Finch first sued Backes in September 1980, nearly two years had already elapsed.

The trial court evidently reasoned that the statute of limitations was tolled, in the "suspended" sense, after commencement of the initial suit against Backes in September 1980, through dismissal of that lawsuit without prejudice on June 2, 1982, and continuing after commencement of Finch's suit against Gillette and Keifer in 1982, until the second lawsuit was completed in 1988. That is a possible analysis. Still, I would not suggest, as the majority opinion does in n. 3, that by dismissing Finch's first suit against Backes, Judge Burdick legally

"equated" the accrued claim for delay in bringing suit[1] with the premature claim for letting the statute of limitations run.

Even if Judge Burdick coupled those different claims, I do not understand how a dismissal without prejudice might make that the law of the case. A dismissal for prematurity, as well as one without prejudice, cannot be the law of the case. Restatement (Second) of Judgments § 20 (1982). A suspension of the running of the statute of limitations for over six years does not authorize the claim to accrue anew thereafter. *See* NDCC 28–01–29 ("When the commencement of an action is stayed by injunction or other order of a court, or by a statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action."). Even if the claim was suspended for six years, less than a year remained after the suspension ended before the statute of limitations barred the claim.

After he completed his lawsuit against Gillette and Keifer on August 12, 1988, Finch waited more than a year to renew his suit against Backes on November 3, 1989. Combined with the time elapsed between 1978 and September 1980, the total time that the statute of limitations ran exceeded two years, apart from any possible suspension.

Therefore, I would affirm the trial court's dismissal of the claim as time barred. I would not prolong this litigation into its third decade.

---

1. For purposes of this case, I agree with n. 5 in the majority opinion that we do not need to decide whether such a claim exists. *See* 1 R. Mallen and J. Smith, *Legal Malpractice* § 16.11 (1989).