**Ruvold E. JACOBSEN and Phyllis Jacobsen, Plaintiffs and Appellants,**

v.

**Gene HAUGEN, Defendant and Appellee.**

**Civ. No. 940277.**

Supreme Court of North Dakota.

April 13, 1995.

Charles Thomas Hvass, Jr. (argued), Minneapolis, MN, for plaintiffs and appellants.

Lyle W. Kirmis (argued), Zuger Kirmis & Smith, Bismarck, for defendant and appellee.

NEUMANN, Justice.

Ruvold and Phyllis Jacobsen appealed from the trial court's judgment[1] granting Gene Haugen's Rule 50, N.D.R.Civ.P.,[2] motion for judgment as a matter of law. We conclude that this malpractice action was barred by the statute of limitations, and we affirm the judgment of dismissal.

First National Bank & Trust Company of Williston sued Jacobsens in 1987 to recover on various notes and personal guaranties. Jacobsens were represented by Haugen. The trial court granted the Bank's motion for summary judgment on January 18, 1988. Judgment was entered on January 21, 1988. Upon his petition, Haugen was transferred to disability inactive status on January 22, 1988. *Matter of Haugen*, 417 N.W.2d 854 (N.D. 1988).

Jacobsens engaged other counsel to appeal the summary judgment entered against them. This court affirmed in *First Nat'l Bank & Trust Co. v. Jacobsen*, 431 N.W.2d 284 (N.D.1988). We held that Jacobsens could not raise on appeal issues of accord and satisfaction, estoppel, failure of a condition precedent, misrepresentation, or breach of a fiduciary duty because those matters had not been raised in their answer and they had not moved to amend their answer to include them. We held that Jacobsens could not raise the anti-deficiency judgment statutes as a defense because they had not been raised in the trial court. This court concluded that Jacobsens had failed to raise a genuine issue of material fact about waiver, which had been pleaded in their answer.

The decision in *First Nat'l Bank & Trust Co. v. Jacobsen, supra*, was issued by this court on November 8, 1988. Through new

---

1. The Jacobsens appealed from the trial court's mid-trial order for entry of judgment, issued on August 3, 1994. Because the record contains a later consistent judgment of dismissal entered on August 5, 1994, we will treat the appeal as an appeal from the judgment. *See Dunseith Sand & Gravel Co., Inc. v. Albrecht*, 379 N.W.2d 803 (N.D.1986); *Olson v. Job Service North Dakota*, 379 N.W.2d 285 (N.D.1985); *Federal Savings & Loan Ins. Corp. v. Albrecht*, 379 N.W.2d 266 (N.D.1985).

2. Rule 50(a)(1), N.D.R.Civ.P., provides:
   "If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim, counterclaim, cross-claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue."

counsel, Jacobsens commenced this legal malpractice action against Haugen on September 25, 1990. On July 12, 1994, the first day of trial, the parties' stipulation of facts was read to the jury. Among the facts stipulated were the following: (1) The Bank sued Jacobsens in March 1987; (2) Jacobsens employed Haugen to represent them in that lawsuit and this lawsuit arises out of that representation; (3) In December 1987 the Bank moved for summary judgment, arguing that there were no disputed material facts precluding entry of summary judgment; (4) On January 18, 1988, the district court granted judgment for the Bank; (5) Haugen went on disability inactive status in mid-January 1988; (6) Jacobsens employed other counsel to appeal the summary judgment, which was affirmed by the North Dakota Supreme Court in November 1988; (7) There is due the sum of $1,190,938.38 under the judgments.

Early on the second day of trial, the following admissions were read into the record: (1) Haugen has not represented Jacobsens since January 18, 1988; (2) Haugen was served with the summons and complaint in this action on September 25, 1990; (3) Jacobsens "knew of defendant[']s possible negligence in connection with defense representation of them some time prior to September 1, 1988;" (4) Judgment in favor of the Bank was entered against Jacobsens on January 21, 1988; (5) The judgment was appealed to the North Dakota Supreme Court; and (6) the Supreme Court's decision was issued on November 8, 1988. Haugen moved for a directed verdict or summary judgment. The court concluded, as a matter of law, that there was no legally sufficient basis for a damage award because Jacobsens had paid nothing on the judgment against them, and, because Jacobsens "were aware in January 1988" of Haugen's alleged negligence, the statute of limitations ran before this action was commenced. Judgment of dismissal was entered and Jacobsens appealed.

Jacobsens contend that entry of an adverse judgment is sufficient injury for a legal malpractice action, whether or not any money has been paid or whether or not the judgment is collectable. We agree.

The trial court ruled that Jacobsens could not recover damages because they had not paid anything on the judgment. The trial court relied on the prepayment rule announced in *Allied Productions, Inc. v. Duesterdick,* 217 Va. 763, 232 S.E.2d 774, 776 (1977): "[W]hen a client has suffered a judgment for money damages as the proximate result of his lawyer's negligence such judgment constitutes actual damages recoverable in a suit for legal malpractice only to the extent such judgment has been paid." We, however, agree with the judgment rule announced in decisions holding that one against whom a judgment has been entered should be able to sue for relief, even if the judgment has not been paid, as in *Hernandez v. Great Am. Ins. Co.,* 464 S.W.2d 91 (Tex.1971), and *Roebuck v. Steuart,* 76 Md.App. 298, 544 A.2d 808 (1988). As the court in *Hernandez* observed: "The judgment injures Hernandez while it remains unpaid. His credit is affected. A lien attaches to his land. His non-exempt property is constantly subject to sudden execution and forced sale." 464 S.W.2d at 94. Such cases are also consistent with prior decisions of this court in legal malpractice cases. *See, e.g., Wall v. Lewis,* 366 N.W.2d 471, 473 (N.D.1985) ("Where ... the attorney's act of negligence has allegedly caused the client to incur additional tax liability, actual damage has been incurred no later than when the IRS has imposed a tax assessment thereby creating an enforceable obligation against the client."); *Binstock v. Tschider,* 374 N.W.2d 81 (N.D.1985) (injury occurred upon creation of an unauthorized option to purchase land, which reduced the value of the property, limited the right of disposition, and prevented further improvements to the property, rather than when the option was exercised).

We conclude that entry of a money judgment against the Jacobsens was sufficient injury to sustain a legal malpractice action (although it does not necessarily define the measure of damages).

■ Jacobsens also contend that the statute of limitations for a legal malpractice action should be tolled until the appellate process on an underlying action is completed. With that contention, we disagree.

The two-year statute of limitations in § 28–01–18(3), N.D.C.C., applies to an action against an attorney for professional malpractice. *Johnson v. Haugland*, 303 N.W.2d 533 (N.D.1981). "[T]he statute of limitations begins to run when the cause of action accrues.... It is the conjunction of damage and wrongful act that creates a cause of action for tort or contract." *Keller v. Clark Equip. Co.*, 474 F.Supp. 966, 969 (D.N.D. 1979), *aff'd*, 715 F.2d 1280 (8th Cir.1983), *cert. denied*, 464 U.S. 1044, 104 S.Ct. 713, 79 L.Ed.2d 176 (1984). The Legislature has adopted a number of statutes tolling limitations periods. *See, e.g.*, § 28–01–24, N.D.C.C. (fraudulent concealment of a claim for relief); § 28–01–25, N.D.C.C. (infancy, insanity, or imprisonment); § 28–01–26, N.D.C.C. (death); § 28–01–27, N.D.C.C. (war); § 28–01–28, N.D.C.C. (reversal of a judgment); § 28–01–29, N.D.C.C. (stay of commencement of an action). The Legislature has not adopted a tolling statute for cases pending on appeal and we are not persuaded that we should adopt a judicial tolling rule.

This court has adopted some judicial rules for tolling the statute of limitations. We have adopted a "discovery rule" tolling the statute of limitations in malpractice actions until "plaintiff knows, or with reasonable diligence should know, (1) of the injury, (2) its cause, and (3) defendant's possible negligence." *Phillips Fur & Wool Co. v. Bailey*, 340 N.W.2d 448, 449 (N.D.1983). "The purpose of the discovery rule is to prevent the injustice of barring a claim before the plaintiff could reasonably be aware of its existence." *Wall v. Lewis*, 393 N.W.2d 758, 761 (N.D.1986).

■ We have adopted a "continuous representation rule" in legal malpractice actions, which "tolls the statute of limitations or defers accrual of the cause of action while the attorney continues to represent the client and the representation relates to the same transaction or subject matter as the allegedly negligent acts." *Wall v. Lewis, supra*, 393 N.W.2d at 762. Commentators had noted that the continuous representation rule preserves the attorney-client relationship and avoids speculative litigation. *Id.* at 763. We observed:

"We believe that the continuous representation rule appropriately protects the integrity of the attorney-client relationship and affords the attorney an opportunity to remedy his error (or to establish that there has been no error), while simultaneously preventing the attorney from defeating the client's cause of action through delay."

*Id.* at 763. While Jacobsens have suggested extending the continuous representation rule to subsequent independently retained counsel who replaces the allegedly negligent attorney, we decline to do so. Once the attorney-client relationship has been broken, much of the reason for the rule is gone—there is no attorney-client relationship to protect, and the allegedly negligent attorney is not trying to remedy his error or show that there was none. (Compare *Wall v. Lewis, supra*, in which subsequent counsel was retained and paid by the original attorney).

Under the circumstances presented, we are not persuaded that we should hold that the statute of limitations for bringing a legal malpractice action is tolled until after the appellate process has been completed. Here, the underlying judgment was entered on January 21, 1988. This court's decision affirming the underlying judgment was issued on November 8, 1988. This action was not commenced until September 25, 1990. Jacobsens knew of their injury, its cause, and Haugen's possible negligence more than two years before they brought suit. Filing a lawsuit within two years of the entry of an adverse judgment is not unduly burdensome. Merely because a judgment might be reversed on appeal does not justify extending the statute of limitations until an appeal is completed. "An injury does not disappear or become suspended while a more final adjudi-

cation of the result is sought." 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 18.11, p. 45 (3d ed.) (1993 pocket part). "[M]ost courts have concluded that a cause of action for presently identifiable damages is not tolled pending an appeal." *Id.* at 45–6. We join those courts.

*Finch v. Backes,* 491 N.W.2d 705 (N.D. 1992), does not compel a different result. In 1971, Finch was injured in a collision with a vehicle owned by Kiefer Chevrolet Company and operated by Betty Ann Gillette. In 1973, Finch engaged Backes, an attorney, to bring a damage action. In 1978, Backes informed Finch that the statute of limitations had run. In 1980, Finch brought a negligence action against Backes. In 1982, the district court dismissed Finch's action against Backes without prejudice, deeming it premature.

In 1982, Finch sued Gillette and Kiefer Chevrolet. That action resulted in a judgment for Finch of $24,653.81, entered on December 3, 1987. Finch's judgment was appealed, and affirmed by this court on July 19, 1988. Our mandate was issued on August 12, 1988. On November 3, 1989, Finch again commenced a legal malpractice action against Attorney Backes, who contended that the action was then barred by the statute of limitations. The district court granted summary judgment of dismissal because "the statute of limitations was ' "tolled" only until after the suit [against Gillette and Kiefer Chevrolet] was completed, in 1987.' " *Id.* at 707. We held that because there was an appeal to this court, the suit against Gillette and Kiefer Chevrolet was not "completed" until our mandate was issued on August 12, 1988. We held that in dismissing on the ground that the statute of limitations had run, "the trial court erred in basing summary judgment of dismissal on the suit's supposed completion in 1987." *Id.* at 707. We relied in part on Section 28–05–10, N.D.C.C., which states that a civil action is "pending from ...

commencement until its final determination upon appeal...."[3]

The issue in the present case is not at what point an action is completed, but at what point a judgment debtor is injured by the entry of an adverse judgment. As we have already noted and as the Jacobsens themselves have argued, their injury commenced upon entry of the judgment against them, and continued from that point on. Because their injury is ongoing, we see no policy benefit to be obtained by tolling the statute of limitations until after the appellate process has been completed.

Jacobsens' legal malpractice action against Haugen was barred by the statute of limitations, and the judgment of dismissal is affirmed.

VANDE WALLE, C.J., and SANDSTROM and MESCHKE, JJ., concur.

LEVINE, Justice, specially concurring.

I agree that the trial court was correct in dismissing the action because it was barred by the statute of limitations. I agree also with the majority's analysis and resolution of the statute of limitations issue. Because resolution of that issue disposes of the appeal, I do not believe it necessary to address more than that issue, and so I do not join that part of the majority opinion that addresses the question of what constitutes a sufficient injury for damages in a malpractice action.

---

**3.** In *Finch v. Backes* we did not address the trial court's assumption that the statute of limitations was tolled until Finch's action against Gillette and Kiefer Chevrolet was completed. Thus, we did not hold that the statute of limitations was tolled until the appellate process was completed. 491 N.W.2d at 706 n. 3.