**NORTHWESTERN EQUIPMENT, INC.,**
**Plaintiff and Appellee,**

v.

**Bill BADINGER, d/b/a Badinger Sand**
**and Gravel, Defendant and Appellant.**

**Civ. No. 11334.**

Supreme Court of North Dakota.

March 26, 1987.

Jay D. Carlson, Fargo, for plaintiff and appellee.

Howe, Hardy, Galloway & Maus, Dickinson, for defendant and appellant; argued by Michael J. Maus.

LEVINE, Justice.

Bill Badinger, d/b/a Badinger Sand and Gravel (Badinger), appeals from a summary judgment in favor of Northwestern Equipment, Inc. (Northwestern). We reverse.

Badinger and Northwestern had a business relationship for a number of years. On March 5, 1984, Badinger became indebted to Northwestern for the price of goods purchased from Northwestern. The invoice for the purchase bore a handwritten legend stating "60 days free of interest" and a typed legend stating:

> "TERMS: Net 10th of the following Month of Purchase. Any account NOT PAID within 30 days from that date is past due and subject to late charge of 1½% per month (18% per annum)"

Later purchase invoices bore only the typed legend.

When the indebtedness was not paid, Northwestern sued to recover the purchase price of the goods and interest. In his answer to the complaint, Badinger sought a forfeiture of all interest and 25% of the principal amount under § 47–14–10, N.D. C.C.

Northwestern moved for summary judgment. It supported the motion with an affidavit setting forth several purchases and credits to Badinger's account and stat-

ing that interest was accruing at the rate of 1½% per month. Northwestern presented as exhibits several invoices and credit memoranda and a "statement of interest service charges mailed to" Badinger, which indicated monthly service charges as of the tenth day of each month from July 10, 1984 through October 10, 1985. Northwestern also submitted a document showing service charges as of the twenty-fifth of each month from June 25, 1984 through April 25, 1986.

Both parties filed briefs on the motion for summary judgment. Badinger did not file any affidavits. The trial court granted the motion for summary judgment and judgment was entered for the amount sought by Northwestern, which included the principal amount and the interest claimed to be due.

Badinger contends on appeal that the trial court erred in granting summary judgment both as a matter of law and because material factual disputes exist.

█ Badinger asserts that no interest rate in excess of 6% per annum was "contracted for in writing" as provided in § 47–14–05, N.D.C.C. We disagree. "A specific provision ... for collection of a 'finance charge' satisfies the provisions in § 47–14–05, NDCC." *Metric Constr., Inc. v. Great Plains Properties,* 344 N.W.2d 679, 682 (N.D.1984). Badinger's assertion that there was no written agreement to pay interest because he did not sign any of the invoices is without merit. Badinger and Northwestern are merchants. Section 41–02–08(2–201), N.D.C.C., provides that, between merchants, "a writing in confirmation of the contract and sufficient against the sender" is enforceable "unless written notice of objection to its contents is given within ten days after it is received." Badinger has not asserted that he objected to the invoices. Therefore there was a written agreement.

Section 47–14–09, N.D.C.C., provides in part:

"... and in the computation of interest the same shall not be compounded; provided, however, that a minimum interest charge of fifteen dollars may be made.

No contract shall provide for the payment of interest on interest overdue, but this section shall not apply to a contract to pay interest at a lawful rate on interest that is overdue at the time such contract is made. Any violation of this section shall be deemed usury."

Because Northwestern was charging interest on interest, Badinger asserts that the trial court erred in granting summary judgment and that, under § 47–14–10, N.D. C.C., Northwestern has forfeited all of the interest claimed to be due and 25% of the principal.

Under Rule 56, N.D.R.Civ.P., a movant for summary judgment must show that there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts and that he is entitled to a judgment as a matter of law on the facts shown. As we said in *North Dakota State Engineer v. Schirado,* 373 N.W.2d 904, 908–909 (N.D.1985):

"Only where 'there is no dispute as to either the material facts or the inferences to be drawn from the undisputed facts, or whenever only a question of law is involved' is summary judgment 'available for promptly and expeditiously disposing of a controversy without a trial.' *First National Bank of Hettinger v. Clark,* 332 N.W.2d 264, 267 (N.D.1983). Summary judgment should be granted only if 'there is no genuine issue as to any material fact and ... any party is entitled to a judgment as a matter of law.' Rule 56(c), N.D.R.Civ.P."

"Summary judgment is not appropriate if the moving party is not entitled to judgment as a matter of law" [*Krueger v. St. Joseph's Hospital,* 305 N.W.2d 18, 22 (N.D. 1981)], even if "the adverse party fails to respond by filing proof in opposition" [*Rice v. Chrysler Motors Corp.,* 198 N.W.2d 247, 252 (N.D.1972)]. *See also Stevens v. Barnard,* 512 F.2d 876 (10th Cir.1975); *Kraftsman Container Corp. v. Finkelstein,* 461 F.Supp. 245 (E.D.N.Y.1978).

█ The moving papers submitted by Northwestern in support of its motion for summary judgment indicate that it was

charging interest upon interest, which is prohibited by § 47–14–09, N.D.C.C., if applicable.[1] In his brief to the trial court, Badinger made the factual assertion that Northwestern "has been charging interest on the unpaid interest" and asserted the legal proposition that § 47–14–09, N.D.C.C., "provides that no contract shall provide for the payment of interest on interest," thus directing the trial court's attention to the statutory prohibition of interest on interest. While factual assertions in a brief are insufficient to raise a genuine issue of material fact, propositions of law in a brief "may be considered on the issue of whether the movant is entitled to judgment as a matter of law." 6 *Moore's Federal Practice* ¶ 56.11[1], p. 52–209 (1986). There may be exceptions to the prohibition available to Northwestern. *See, e.g.,* § 51–07–14, N.D.C.C., cited to us by Northwestern. Northwestern has not, however, shown that § 51–07–14 allows interest on interest, and has conceded that there is no evidence in the record to show that it is a manufacturer or wholesaler entitled to the service charge authorized by § 51–07–14, N.D.C.C. Northwestern has not shown that it is entitled to charge interest on interest. The trial court did not state its reasons for granting summary judgment. In our view, however, because Northwestern has not shown that it is entitled to charge interest on interest, it has not shown that it was entitled to a judgment as a matter of law on the facts shown and we must reverse the summary judgment entered in its favor.

The summary judgment is reversed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

1. Badinger relied on § 47–14–09, N.D.C.C., below and on appeal. Northwestern has not argued or briefed whether or not § 47–14–09, N.D.C.C., applies to a transaction of the kind involved in this case. Therefore, for purposes of our review of the summary judgment entered in this case, we need not determine if § 47–14–09, N.D.C.C., is applicable.