**NORTHWESTERN FEDERAL SAVINGS AND LOAN ASSOCIATION OF FARGO, Plaintiff and Appellee,**

v.

**Gerald BIBY, a/k/a Gerald D. Biby, Lovella M. Biby, a/k/a Lovella Biby, Defendants and Appellants,**

**and**

**United Accounts, Inc., Office Machines & Furniture, Inc., Kenneth O. Leonard, Dakota Northwestern Bank Assoc., Ralph L. Kilzer, R.L. Kilzer, P.C., Pension and Profit Sharing Plan, First National Bank & Trust Co., Donald Gartner, and Kathy Gartner, Defendants.**

**Civ. No. 11411.**

Supreme Court of North Dakota.

Feb. 2, 1988.

Sheldon A. Smith, of Smith & Whitman, Bismarck, for plaintiff and appellee.

Gerald Biby, pro se.

VANDE WALLE, Justice.

Gerald and Lovella Biby appealed, pro se, from a summary judgment of the district court foreclosing two mortgages held by the plaintiff Northwestern Federal Savings and Loan Association of Fargo (Northwestern). We affirm.

The two mortgages, covering a residence constructed by the Bibys in Burleigh County, were given to secure two loans from Northwestern. The first loan for $75,000 was obtained during October 1977, and the second loan for $14,118 was obtained during July 1978.

Notices of intent to foreclose on both mortgages were sent to the Bibys in March 1986 alleging that the loans were in default for failure to make required installment and tax payments. A complaint seeking foreclosure was filed by Northwestern, and the Bibys filed an answer. Northwestern then filed a motion requesting a summary judgment, which was granted after a hearing on the motion.

When a motion for summary judgment is made and supported, the party opposing the motion cannot rest upon mere allegations or denials but must, pursuant to Rule 56(e), N.D.R.Civ.P., set forth specific facts showing that there is a genuine issue for trial. *Evans Financial Corp. v. Plecity*, 315 N.W.2d 279 (N.D.1982). We agree with the trial court that the Bibys have failed to do so.

■ The Bibys assert that the trial court erred in granting summary judgment because there are genuine issues of material fact regarding the validity of the loan-modification agreement underlying the mortgages. They contend that they entered into the agreement in July 1981 as a result of actions by Northwestern constituting deceit and misrepresentation. They also assert that the agreement was not based upon adequate consideration. These matters are affirmative defenses under Rule 8(c), N.D.R.Civ.P., which must be specifically set forth by the defendants in their answer. Although they raised these defenses in opposition to the motion for summary judgment, the Bibys did not raise these defenses in their answer, and they did not subsequently request the trial court to allow amendment of their answer to include them. An affirmative defense not pled is waived. *Rugby Milling Co. v. Logosz*, 261 N.W.2d 662 (N.D.1977). Procedural regularity does not permit an opportunity to amend a pleading on appeal where it was not sought below. *North Dakota State Engineer v. Schirado*, 373 N.W.2d 904 (N.D.1985). As this court noted in *Rugby Milling Co. v. Logosz, supra*, 261 N.W.2d at 666:

"The mere possibility that ingenuity of counsel might make possible the pleading of an issue of fact does not preclude the granting of a motion for summary judgment on the pleadings and evidence as they exist when the ruling is made."

■ The Bibys also assert that the trial court erred in granting summary judgment because there is a genuine issue of material fact regarding the amounts owed by the Bibys to Northwestern on the two loans. At the hearing on the summary judgment motion Gerald Biby stated:

"... the substance of what we are still concerned about is how much that we do owe and how they arrived at it and whether or not everything, you know, is proper ..."

The trial court, in response to this concern expressed by Mr. Biby, requested Northwestern to submit an additional affidavit setting forth the amounts due and the method of arriving at those amounts. The trial court also gave the Bibys an opportunity to respond by affidavit, or other appropriate means, to show that there existed a genuine issue regarding the amounts owed. Northwestern's affidavit showed amounts were due and owing which corresponded with the amounts set forth in the March 1986 notices of intent to foreclose. The

Bibys also filed an affidavit attempting to demonstrate that the amounts owed were in dispute, but their objections were based upon the affirmative defenses which we have concluded were waived by the Bibys' failure to plead them. Disregarding, as we must, their references to those waived defenses, we agree with the conclusion of the trial court that the Bibys' affidavit failed to raise a genuine issue of fact regarding the amounts owed by them to Northwestern.

The summary judgment awarding foreclosure on the two mortgages is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.