Joan KLAS and Dan Wilson, Plaintiffs and Appellants,

v.

PHILLIPS PETROLEUM CO. and Aminoil USA, Inc., Defendants and Appellees.

Civ. No. 880020.

Supreme Court of North Dakota.

July 19, 1988.

---

Rolfstad, Winkjer, McKennett & Stenehjem, P.C., Williston, for plaintiffs and appellants; argued by Kent A. Reierson.

Pearce & Durick, Bismarck, for defendants and appellees; argued by William P. Pearce.

LEVINE, Justice.

Joan Klas and Dan Wilson appeal from a summary judgment of dismissal. We affirm.

In December 1982 appellants' uncle, Grat Wilson of Missouri, executed a top lease to Aminoil USA, Inc., for land situated in McKenzie County, North Dakota, described as:

"*Township 151 North, Range 104 West*
Section 4: N½ SW¼, SE¼ NW¼, Lot 5 (35.00)
Section 5: Lot 7 (5.25) plus any accretions or riparian rights which might pertain to any of the above described lands."

Aminoil paid a bonus of $48,075.00 for the execution of the lease which amounted to $300.00 per acre for 160.25 acres. In 1984 Phillips Petroleum Co. acquired Aminoil. In March 1985 Grat Wilson conveyed the McKenzie County land to Dan Wilson (Wilson) of Missouri, and Joan Klas (Klas) of Washington.

In 1986 Klas and Wilson commenced a lawsuit against Phillips Petroleum and Aminoil, demanding a bonus payment of $300.00 per acre and delay rentals of one dollar per acre on 25 acres which had accreted to the leased property by the drying up of Nohle Lake. They alleged that the estimated acreage set forth in the lease was the result of a mutual mistake by Grat Wilson and Aminoil.

The estimated acreage provision in the lease reads:

"For the purpose of calculating the rental payments hereinafter specified, said lands leased herein are estimated to comprise 160.25 acres, whether they actually comprise more or less."

Both sides moved for summary judgment. Klas and Wilson submitted the affidavit of Klas, which reads in part:

"2. That the affiant and the other owner, Dan Wilson, came to North Dakota in the summer of 1985 on a vacation and to review the status of oil and gas development surrounding the above described mineral ownership. Upon viewing the property and investigating the matter further, the affiant discovered that the lands actually included acreage which had accreted to the property.

"3. It was discovered that lots contained in the original survey had now increased in size due to the drying up of Nohle Lake and that these lands had accreted to the described property."

Klas and Wilson also submitted aerial photographs of the region taken in 1982, which showed that Nohle Lake was substantially dried up at that time. Finally, they submitted the affidavit of Kerry P. Hoffman, the person who negotiated the lease with Grat Wilson on behalf of Aminoil. Hoffman stated that he took the acreage figure from the land records and was unaware of any accretions to which Grat Wilson was entitled. He stated also that if, at the time the lease was executed, Grat Wilson had demonstrated entitlement to bonus payments on accreted land, payments would have been made at the rate of $300.00 per accreted acre.

The trial court found that "[t]here is no evidence of Grat Wilson, or for him, that a mistake was made." The court concluded that there was no mutual mistake of fact and that the lease could not be reformed. The court granted Phillips Petroleum and Aminoil's motion for summary judgment and Klas and Wilson appealed.

Summary judgment should be granted only if, after reviewing the evidence most favorable to the party against whom summary judgment is sought, it appears that there is no genuine issue as to any material fact and that the party seeking summary judgment is entitled to it as a matter of law. *Larson v. Baer*, 418 N.W.2d 282 (N.D.1988). A movant for summary judgment must show that there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts and that it is entitled to judgment as a matter of law on the facts shown. *Northwestern Equipment, Inc. v. Badinger*, 403 N.W.2d 8 (N.D.1987); Rule 56, NDRCivP.

A mistake of fact is defined in NDCC § 9–03–13:

"*9–03–13. Mistake of fact defined.* Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:

1. An unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or

2. Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed."

NDCC § 32–04–17 governs reformation on the ground of a mistake of fact:

"*32–04–17. Revision of contract for fraud or mistake.*— When, through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention so far as it can be done without prejudice to rights acquired by third persons in good faith and for value."

*Wehner v. Schroeder*, 354 N.W.2d 674 (N.D.1984).

From our review of the record in the light most favorable to Klas and Wilson, we conclude they produced no evidence from which a finder of fact could draw a reasonable inference that Grat Wilson, one of the contracting parties, was unaware of the facts as they really were, that is, the desiccation of Nohle Lake. *See Lange v. Cusey*, 379 N.W.2d 775, 779 (N.D.1985). Klas and Wilson have not set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), NDRCivP. Aminoil and Phillips Petroleum have shown that there is no genuine issue as to any material fact and that they are entitled to a judgment of dismissal as a matter of law. Rule 56(c), NDRCivP. We hold that the trial court did not err in granting summary judgment in favor of Aminoil and Phillips Petroleum.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and GIERKE, JJ., concur.