431 N.W.2d 284 (1988)
FIRST NATIONAL BANK & TRUST COMPANY OF WILLISTON, Plaintiff and Appellee,
v.
Ruvold JACOBSEN and Phyllis Jacobsen, Defendants and Appellants, and
Mark Clark and Jane Clark, Defendants.
Civ. No. 880083.
Supreme Court of North Dakota.
November 8, 1988.
*285 McIntee & Whisenand, P.C., Williston, for plaintiff and appellee; argued by Kathleen Key-Imes.
McGee, Hankla, Backes & Wheeler, Ltd., Minot, for defendants and appellants; argued by Russel G. Robinson.
LEVINE, Justice.
Ruvold and Phyllis Jacobsen appeal from a district court summary judgment adjudging them jointly and severally liable to First National Bank & Trust Company of Williston (the Bank) for $599,350.95 plus interest, costs and disbursements. We affirm.
Ruvold was a stockholder and director of two corporations that borrowed money from the Bank over a period of several years. Ruvold signed the notes for the corporations, and he also borrowed money personally from the Bank. The corporations' notes and Ruvold's notes were periodically renewed, with no principal reduction, until default.
Ruvold and Phyllis executed written agreements personally guaranteeing payment of the corporations' indebtedness to the Bank. Phyllis also executed a written agreement personally guaranteeing payment of Ruvold's indebtedness to the Bank.
One of Ruvold's personal notes was secured by a mortgage of mineral interests he owned. After all of the notes were in default, Ruvold sold the mineral interests and the Bank applied the proceeds to Ruvold's personal indebtedness.
The Bank sued to recover on the notes and guaranties. The trial court granted the Bank's motion for summary judgment and the Jacobsens have appealed from the judgment entered.
On appeal from summary judgment we determine whether the information provided to the trial court, and viewed in a light most favorable to the opposing party, precludes the existence of a genuine issue of material fact and entitles the moving party to summary judgment as a matter of law. Binstock v. Tschider, 374 N.W.2d 81 (N.D.1985). Under Rule 56, N.D.R.Civ.P., the movant must establish that no genuine issue of material fact exists, but the adverse party must respond by setting forth specific facts showing that there is a genuine issue for trial. See, e.g., Albers v. NoDak Racing Club, Inc., 256 N.W.2d 355 (N.D.1977); Johnson v. Community Development Corporation of Wahpeton, 222 N.W.2d 847 (N.D.1974).
The Bank's motion for summary judgment was supported by a brief, depositions of Ruvold and Phyllis Jacobsen, documentary exhibits, an affidavit of the Bank's former president, Duane Sorensen, and an affidavit of the Bank's senior vice president, Kenneth Erickson. Sorensen's affidavit detailed the reasons why the Bank required Ruvold and Phyllis to personally guarantee the corporations' indebtedness, *286 why the Bank required Phyllis to personally guarantee Ruvold's indebtedness, and the consideration for Ruvold and Phyllis' guaranties. Erickson's affidavit summarized the loan activity for each of the notes and guaranties involved in the action.
The Jacobsens opposed the Bank's motion for summary judgment with a brief, two affidavits of Phyllis and an affidavit of Ruvold. Phyllis' affidavits assert that the guaranties were not explained to her, that she did not read them before signing them, that even if she had read them she would not have understood them, that she received no benefit from signing them, that she signed as "a matter of course at the request of my husband," that she was "entirely insolvent," that "there was no consideration given whatsoever for any guarantee" and that "it was my custom to sign documents on behalf of my husband in all his business dealings and otherwise without knowledge of them. I signed the document, which made no sense to me, just because my husband asked me, and I have been a loyal wife all of these years."
Ruvold's affidavit detailed his personal indebtedness to the Bank, asserted that he did not benefit from the loans to the corporations, that the Bank was negligent in not securing additional guaranties on the corporations' indebtedness, that the Bank failed to protect Ruvold's interests, and that, with regard to the mineral interests securing his personal indebtedness to the Bank:
"Then in March of 1986, I was called to the bank and told that they had a sale for the minerals at a good price and would I sign the deeds and endorse the check to the bank. I was told that the check would then clear out my personal obligation to the bank. Then on a Friday in March, we were to meet in the bank and transact the business.
"Those present at that meeting were Phyllis Jacobsen, James Jacobsen (our son from Minneapolis), David Nelson, our attorney, Dennis Yockim, the mineral broker, and Rich Rolfstad. Erickson was in and out of that meeting. We were to sign the deeds and endorse the check and the obligation was to be wiped off. The sale price of the minerals was at a figure that I thought was way below the fair market value. It was explained that it paid off an obligation much larger than the amount of the sale. I lost money and the bank did too, but it was cash that could be put to work. The value at the time the mortgage was given was $650,000. The bank's agent sold the minerals for $56,617.82.
"When it was all signed Rich Rolfstad said `now doesn't it feel good to get that obligation cleared up.' I answered, `not really, I've just sold minerals that should have sold for way more than my personal notes.' I left the meeting trying to justify the sale with the fact that at least the personal notes I had at the bank were paid."
On appeal, the Jacobsens contend that the indebtedness was extinguished by an accord and satisfaction or by estoppel. They also contend that genuine issues of material fact were raised with regard to whether Ruvold's liability on the debt secured by mineral interests was extinguished by the anti-deficiency statutes (§§ 32-19-04, 32-19-05, 32-19-06, N.D.C.C.); whether there was a failure of a condition precedent in that the Bank did not get guaranties from "all parties with corporation responsibilities;" whether the Bank misrepresented the merits of Ruvold's investments in the two corporations; whether the Bank breached a fiduciary duty and whether there was consideration for Phyllis' guaranties of the corporations' indebtedness.
In Northwestern Federal Savings & Loan Ass'n of Fargo v. Biby, 418 N.W.2d 786 (N.D.1988), we held that a defense raised in an affidavit resisting a motion for summary judgment, but not pleaded in the answer, could not be reviewed on appeal unless there had been a motion to the trial court to amend the answer to include the new defense. Underlying our holding in Biby was the objective of assuring that the trial court be clearly apprised of a party's legal theories so that it may fairly adjudicate the issues squarely raised and brought *287 to its attention in a motion for summary judgment.
Accord and satisfaction, estoppel, failure of a condition precedent, misrepresentation and breach of a fiduciary duty are all matters "constituting an avoidance or affirmative defense" [Rule 8(c), N.D.R.Civ.P.] which should have been pleaded in the answer.[1] Although Jacobsens may have raised some of these matters in their response to the Bank's motion for summary judgment, they neither raised them in their answer nor in a motion to amend their answer to include them. We conclude, therefore, that they cannot raise them on appeal.
The Jacobsens were represented by different counsel on appeal than in the district court proceedings. Nevertheless, as we cautioned in Kilzer v. Binstock, 339 N.W.2d 569, 572 (N.D.1983):
"Merely because new or different counsel represented Binstocks ... on appeal does not afford such counsel a different position or standing from that of the former counsel. A successor to prior counsel is bound by the same legal issues that existed and may raise only those issues that prior counsel could have raised. The issues of the respective parties remain the same even though a change in counsel has occurred. Rummel v. Rummel, 265 N.W. 230, 231 (N.D.1978)."
Nor did Jacobsens' former counsel raise the issue of the anti-deficiency statutes in the district court proceedings. New counsel on appeal is limited to the issues raised in the district court. Id. A party may not raise an issue for the first time on appeal. Spier v. Power Concrete, Inc., 304 N.W.2d 68 (N.D.1981). Consequently, we will not address the anti-deficiency statutes.
Jacobsens assert that there was an issue of material fact about accord and satisfaction with regard to the sale of the mineral interests securing one of Ruvold's personal notes. They argue that Northwestern Federal Savings & Loan Ass'n of Fargo v. Biby, supra, should not preclude them from raising accord and satisfaction because the same facts which support a defense of waiver,[2] which was pleaded in the answer, would support a defense of accord and satisfaction,[3] which was not pleaded in the answer. See Farmers Union Oil Co. v. Maixner, 376 N.W.2d 43, 47 (N.D.1985) (the supreme court considered a new issue on appeal based upon the same facts as an issue raised in the lower court). The threshold problem with this argument is its *288 premise that a material issue regarding waiver was raised below.
In a summary judgment proceeding, a party asserting an avoidance or affirmative defense under Rule 8(c), N.D.R.Civ.P., has the responsibility to set forth specific facts showing a genuine issue of material fact for trial on that defense. Gress v. Kocourek, 427 N.W.2d 815, 816 (N.D.1988). "[A] fact is material if it tends to resolve any of the issues that have been properly raised by the parties." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2725, p. 93 (1983).
The only factual assertions possibly relating to waiver are an "opaque and unilluminating" [Carter v. Stanton, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569, 572 (1972)] statement in the Jacobsens' district court brief,[4] and the excerpt from Ruvold's affidavit, set forth supra. However, factual assertions in a brief do not raise a genuine issue of material fact. Northwestern Equipment, Inc. v. Badinger, 403 N.W.2d 8, 10 (N.D.1987). Nor did the district court have a "legal obligation, judicial duty, or responsibility to search the record for evidence opposing the motion for summary judgment." First Nat'l Bank of Hettinger v. Clark, 332 N.W.2d 264, 267 (N.D.1983). The Jacobsens did not attempt either in their district court brief or in Ruvold's affidavit to connect any of their factual assertions to the affirmative defense of waiver pleaded in their answer. They left to the court the chore of divining what their argument in opposition to summary judgment was, (see footnote 4, supra), and why the facts set out in their affidavits were relevant, let alone material. As the court in Nicholas Acoustics, Etc. v. H & M Constr. Co., Inc., 695 F.2d 839, 846-847 (5th Cir.1983), observed:
"We wish to emphasize most strongly that it is foolhardy for counsel to rely on a court to find disputed issues of material fact not highlighted by counsel's paperwork;... practical constraints on the time of a judge make it impossible for the judge to examine a record of even moderate size with such finitude as to be both exhaustive and exhausting. Judges are not ferrets!"
Counsel's paperwork did not highlight a genuine issue of material fact about waiver. Because the Jacobsens did not explain the significance of the evidence, we conclude that they did not provide the district court with evidence raising a genuine issue of material fact as to waiver. It follows that the Jacobsens' failure to raise a genuine issue of material fact about waiver defeats their argument that we should review the issue of accord and satisfaction based upon the same facts. We therefore decline to consider the issue of accord and satisfaction.
The Jacobsens also argue that their guaranties of the corporations' debts were without consideration. But § 9-05-10, N.D.C.C., provides that "[a] written instrument is presumptive evidence of a consideration." Under § 9-05-01, N.D.C.C., any benefit conferred upon a promisor or prejudice suffered or agreed to be suffered by a promisee is a good consideration for a promise. Not only did the Jacobsens' written guaranties create a presumption of consideration, but the undisputed evidence established that the Jacobsens received benefits and the Bank suffered prejudice, constituting good consideration for the Jacobsens' guaranties as a matter of law.
We conclude that the Jacobsens did not raise genuine issues of material fact in the district court proceedings and the district *289 court did not err in granting the Bank's motion for summary judgment. The Jacobsens may not raise new issues on appeal, and their remedy, if any, is to seek relief in the interests of justice under Rule 60(b), N.D.R.Civ.P.
AFFIRMED.
ERICKSTAD, C.J., VANDE WALLE, J., and VERNON R. PEDERSON, Surrogate Justice, concur.
VERNON R. PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.
MESCHKE, Justice, concurring and dissenting.
I concur with the majority holding as to the guaranties. I respectfully dissent as to the note secured by the mineral rights which were sold.
NDRCivP 56(c) on summary judgment directs that "[j]udgment shall be rendered forthwith if the pleadings, ... together with the affidavits, ... show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." (My emphasis). The majority opinion concludes that the facts, about liquidating the mineral rights which were set out in Ruvold's affidavit, did not present a triable issue of fact because those facts were not manifested by any defense stated in the answer. This holding demands that affidavits resisting summary disposition correspond vigorously to the pleadings. I cannot support such a harsh and mechanical application of the summary judgment rule.
Jacobsens plead "waiver" in their answer, claimed "waiver" in their brief to the trial court, and, by Ruvold's affidavit, supported "waiver" with facts that would arguably "clear out [their] personal obligation to the bank." Imprecise as it was, this effort seems to me enough to have raised a triable issue of fact about the effect of the liquidation of the mortgaged mineral rights on Jacobsen's liability. We cannot fairly require exact characterizations of theories in the pleadings, such as "barred by the anti-deficiency statutes," "accord and satisfaction," or "estoppel" (kin to "waiver"). To do so would bring back the concept of precise code pleading which our present rules sought to replace. See NDRCivP 8 and its Explanatory Note. In my view, Ruvold's affidavit stated facts which raised a triable issue about "waiver" of the Jacobsens' liability on the note secured by the mineral rights.
Even assuming that Jacobsen's answer did not sufficiently characterize the defense supported by Ruvold's factual affidavit, I am still troubled by the majority decision. NDRCivP 15 promotes a liberal policy of amending pleadings: "[L]eave shall be freely given when justice so requires." The policy of Rule 56 to quickly dispose of futile litigation must be accommodated with the Rule 15 objective of deciding a dispute on its merits.
Where a readily identifiable legal theory has been reflected in facts set out in an affidavit, I would expect a trial court to recognize it, to deem the pleading amended accordingly and to set the factual issues for trial. A trial court should not be required to ferret out obscure issues, as in Biby, post. However, issues obviously raised in affidavits should be recognized, as is done during trial, without the formality of a motion to amend or with direction to amend. See NDRCivP 15(b).
Thus, I do not believe that our decision in Northwestern Federal Savings & Loan Ass'n of Fargo v. Biby, 418 N.W.2d 786 (N.D.1988) should be applied to this case. To do so in this case is at odds with our usual objective of disposition on the merits and with the spirit of our civil rules "to secure the just, speedy, and inexpensive determination of every action." NDRCivP 1. I am not alone in this view. Drawing on decisions under the Federal Rules of Civil Procedure from which our Rule 56 comes, 6 Moore's Federal Practice, ¶ 56.11[3] says:
"Affidavits going beyond the pleadings may be considered if facts appear in the affidavits which would justify an amendment.
"* * *

*290 "Although there is authority that defenses not pleaded in defendant's answer may not be raised by affidavits on his motion for summary judgment, this is highly technical and illiberal. Either the answer should be deemed amended to conform to the proof offered by the affidavits or a formal amendment permitted, the affidavits considered, and the motion for summary judgment decided under the usual rule pertaining to the adjudication of summary judgment motions." (Footnotes omitted).
For these reasons, I respectfully dissent as to that part of the summary judgment on the note secured by the mineral rights.
NOTES
[1] The Jacobsens' answer to the Bank's complaint generally denied the allegations in the complaint and asserted:

"5.
"That the bank has waived any and all rights that it has to any claims against Ruvold Jacobsen by their actions.
"6.
"That any alleged guarantee's [sic] given herein were made without consideration and that the corporation should be the proper defendant in this matter."
At Ruvold's deposition, counsel for the Bank unsuccessfully sought further information about the defense of waiver asserted in the Jacobsens' answer:
"Q [by bank counsel]. Paragraph five [of the answer] states, "That the bank has waived any and all rights that it has to any claims against Ruvold Jacobsen by their actions.' Now, this allegation I am quite curious about because, Ruvold, I need to know today if there are any other defenses or facts that you are relying on to defeat the bank's claim. You've alleged waiver by the bank's actions, and I need to know if you have any specifics there. Which actions are we talking about?
"MR. HAUGEN [Jacobsens' counsel]: Again, the defenses are stated in the pleadings and that's my objection.
* * * * * *
"Q [by bank counsel]. Do you have any proof that the bank has waived its right to sue on this matter?
"A. I wouldn't know."
[2] "We have defined `waiver' as the voluntary and intentional relinquishment and abandonment of a known existing right, advantage, benefit, claim, or privilege which, except for such waiver, the party would have enjoyed." Stenehjem v. Sette, 240 N.W.2d 596, 600 (N.D.1976).
[3] "An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled." Section 9-13-04, N.D.C.C. "Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." Section 9-13-05, N.D.C.C.
[4] The only statement in the Jacobsens' district court brief possibly relating to waiver is the following:

"In addition, when the property was abandoned as security and for disposition by the bank, a meeting was held by bank officers and at the conclusion one Rich Rolfstad stated to Jacobsen `Well, aren't you glad that you're finally over and that your personal series of notes and renewals with regard to you personally, and not the corporations, has been fully satisfied?' The bank then, through their negligence and abandonment, sold the minerals for a mere pittance of $58,000 and applied it to the outstanding balance, not in accordance with current reasonable commercial standards."
The brief contains no reference to a theory of waiver related to Ruvold's personal indebtedness and the sale of the mineral interests.