2004 ND 214

**CHARLES McCAULEY PARTNERSHIP, L.L.L.P., Plaintiff and Appellant**

v.

**TYRONE TOWNSHIP, a municipal corporation, Defendant and Appellee.**

No. 20040175.

Supreme Court of North Dakota.

Nov. 19, 2004.

Garth H. Sjue (argued) and Janet P. Christoffersen (on brief), Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P., Williston, ND, for plaintiff and appellant.

Dwight C. Eiken, Neff, Eiken & Neff, P.C., Williston, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Charles McCauley Partnership, L.L.L.P. ("Partnership") appealed from a Williams County District Court judgment granting Tyrone Township's ("Township") motion for summary judgment. Partnership also challenges the district court's issuance of an injunction, the determination that Partnership's claim was frivolous, and the award of attorneys' fees to Township. We hold the district court erred in granting Township summary judgment and we reverse and remand for proceedings consistent with this opinion.

[¶ 2] Partnership instituted this action to quiet title to an easement located on its land. The broader parcel of land over which the easement runs is known as Section 34 of Tyrone Township. Previous owners of Partnership's land expressly granted Township the easement via two warranty deeds conveyed in 1925 and 1930. Both deeds were properly recorded and there is evidence Partnership was aware of the easement's existence upon purchasing the land in 2000. Partnership instituted this suit claiming Township abandoned the easement and that the road built upon the easement, known as Tyrone Township Road, had gone unused for a statutorily prescribed ten-year period. *See* N.D.C.C. § 24–07–31. Thus, Partnership sought to clear its title to the property. Township answered this complaint and brought a counterclaim seeking injunctive relief against Partnership, designed to prohibit Partnership from obstructing public access to Tyrone Township Road. Partnership served its reply to Township's counterclaim and asserted a number of affirmative and equitable defenses. Township made an initial motion for summary judgment, which was denied by the district court to allow discovery on the abandonment issue to proceed. Township later renewed its motion for summary judgment, which the district court judge granted on non-use grounds, and the district court also provided injunctive relief and awarded costs and attorneys' fees to Township.

I.

[¶ 3] The standard of review for a grant of summary judgment is well-established. As this Court has stated:

Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. Whether summary judgment was properly granted is a question of law which we review de novo on the entire record. On appeal, this Court decides if the in-

formation available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to summary judgment as a matter of law. Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim on which they will bear the burden of proof at trial.

*Zuger v. State,* 2004 ND 16, ¶ 7, 673 N.W.2d 615 (citations and internal quotations omitted). A party moving for summary judgment has the initial burden of "showing that there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts." *First State Bank of Casselton v. McConnell,* 410 N.W.2d 139, 141 (N.D.1987) (citing *Northwestern Equipment, Inc. v. Badinger,* 403 N.W.2d 8, 9 (N.D.1987)). "In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion, and he must be given the benefit of all favorable inferences which can be reasonably drawn from the evidence." *Id.* Further:

A party resisting a motion for summary judgment may not simply rely upon the pleadings or upon unsupported, conclusory allegations. Factual assertions in a brief do not raise an issue of material fact satisfying Rule 56(e). Nor may a party merely reassert the allegations in his pleadings in order to defeat a summary judgment motion.

The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.

In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.

Mere speculation is not enough to defeat a motion for summary judgment, and a scintilla of evidence is not sufficient to support a claim. If no pertinent evidence on an essential element is presented to the trial court in resistance to a motion for summary judgment, it is presumed that no such evidence exists.

*Zuger,* at ¶ 8 (citations and internal quotations omitted).

[¶ 4] Under N.D.C.C. § 24–07–31, two elements must be satisfied in order for a highway to be deemed vacant. "Any road or part thereof laid out by authority of a ... board of township supervisors ... which thereafter is abandoned and not used for ten years, hereby is declared vacant." N.D.C.C. § 24–07–31. Thus, both abandonment and non-use must be established.

## II.

[¶ 5] In granting Township's renewed motion for summary judgment, the district court noted that, although there was "some evidence that could be interpreted as abandonment, there is no evidence of discontinuing use for 10 years." The district court also stated, "I do not find an inconsistency in the affidavits. The Defendant's affidavits say they used the road. The Plaintiff's affidavits say

they did not see them. This testimony is not inconsistent."

[¶ 6] Township pointed to numerous affidavits supporting the continued use of Tyrone Township Road. William J. Nasner, a former lessee and owner of Section 34, provided an affidavit, offered by Partnership, in which he described usage of Tyrone Township Road by James Holmes, a neighbor of Section 34. According to Nasner's affidavit, Holmes would "routinely" use Tyrone Township Road for scenic purposes, and this use seems to have occurred while Nasner "owned and farmed the land." Nasner's affidavit appears to indicate he owned or farmed this land for 35 years, ending in 2000. Further, an affidavit from Lloyd Kihle, a lessee of cropland abutting Tyrone Township Road during approximately the last ten years, affirms Holmes's recreational use of the road. And, finally, Charles McCauley's own affidavit highlights Holmes's use of the road over the past three years, roughly the period of time Partnership has owned Section 34.

[¶ 7] Township also submitted affidavits from James Holmes, Janet Holmes, Tom Holmes, Ardean Harstad, Michael Harstad, Ron Sylte, Myron Sylte, Curtis Sylte, and Scott Barkie, all of whom are neighbors of, or parties familiar with, Section 34, and these affidavits reveal various uses for Tyrone Township Road over the past decades, including farming, ranching, hunting, and recreational pursuits.

[¶ 8] However, Partnership argues the affidavit of Melvin Knudsvig, a former lessee of Section 34 land, leads one to conclude Tyrone Township Road went unused during parts of the 1970s and 1980s. As Knudsvig stated:

During the years I leased the pasture on the Section 34 Lands from Bill Nasner the Tyrone Township Road was over grown with grass. In some places you could still see small amounts of gravel where the wheel tracks should have been. I don't ever remember seeing a vehicle on the Tyrone Township Road in the 15 years I pastured cattle on Section 34. In fact, it was clearly evident in the road bed when I would venture across the Tyrone Township Road because the vehicle would have had to leave wheel tracks in the grass growing on the road bed. I never saw any wheel tracks in the grass on the Tyrone Township Road other than my own when I had cattle on Section 34 which was to be expected. I didn't want anybody in the pasture with my cattle and took steps to prevent it.

Judging from other parts of his affidavit, Knudsvig leased this pasture land from the "mid to late 70s" to "around 1989." We believe the district court did not afford Knudsvig's statement its full potential weight. Although Knudsvig states he did not see a vehicle on the road, which, concededly, might not be inconsistent with the affidavits of those individuals claiming to have used Tyrone Township Road, Knudsvig's affidavit goes further by stating he would have been able to tell if anyone used the road. Thus, some affiants claim to have used Tyrone Township Road over the past several decades, while another affiant claims the road went unused for a period of approximately 15 years.[1] When a court is presented with "battling affidavits," wrought with concerns over witness credibility, summary judgment is improper. Further, given that the relevant statutory provision requires a ten-year period of non-use, this dispute involves an issue of material fact.

---

1. The parties did not argue to the trial court or to this Court that a remote ten years of non-use satisfies the statute and we do not decide that issue.

[¶ 9] We reverse the district court's grant of summary judgment, injunctive relief, costs, and attorneys' fees, and remand for proceedings consistent with this opinion.

[¶ 10] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.