2014 ND 67

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Plaintiff and Appellee**

v.

Frederick P. SKODA; Cynthia D. Skoda; Alerus Financial, N.A.; State of North Dakota; Workforce Safety and Insurance; North Star Insurance Co.; Job Service, North Dakota; First National Bank of Omaha; Discover Bank; and any person in possession, Defendants

**Frederick P. Skoda, Appellant.**

No. 20130370.

Supreme Court of North Dakota.

April 3, 2014.

Donald T. Campbell, Minneapolis, MN, for plaintiff and appellee.

Frederick P. Skoda, self-represented, Detroit Lakes, MN, defendant and appellant.

McEVERS, Justice.

[¶ 1] Frederick Skoda appeals from a summary judgment of the district court foreclosing the mortgage held by JPMorgan Chase Bank. We affirm, concluding the district court did not err in determining that no genuine issues of material fact exist and JPMorgan Chase Bank is entitled to summary judgment as a matter of law.

I

[¶ 2] JPMorgan Chase Bank is the holder of a promissory note and mortgage against Frederick Skoda. In 2001, Frederick and Cynthia Skoda executed a mortgage to secure Frederick Skoda's payment of the promissory note. The mortgage and promissory note were originally held by Alerus Financial, N.A. In 2001, the mortgage was assigned to Homeside Lending, Inc. Subsequently, the mortgage was assigned to Chase Home Finance LLC, which merged with JPMorgan Chase Bank in 2011. In 2012, the mortgage was assigned to JPMorgan Chase Bank. The mortgage included provisions for the payment of principal and interest as well as the payment in escrow for property taxes. Skoda made payments of $542.89 for the principal and interest on the mortgage but did not include the escrow payment for property taxes, an additional $168.11 per month. Skoda did not make escrow payments because he paid his property taxes on his own. In 2011, JPMorgan Chase Bank refused to accept Skoda's payments for $542.89.

[¶ 3] In 2012, JPMorgan Chase Bank issued notices of intent to foreclose on the mortgage alleging that Frederick and Cynthia Skoda had defaulted on the promissory note by failing to pay in full the monthly installments due under the promissory note and mortgage. JPMorgan Chase Bank filed the summons and complaint seeking foreclosure and served Frederick Skoda and all the other defendants including Cynthia Skoda; Alerus Financial, N.A.; State of North Dakota; Workforce Safety and Insurance; North Star Insurance Co.; Job Service, North Dakota; First National Bank of Omaha; and Discover Bank. Frederick Skoda answered and arguably counterclaimed; he was the only defendant to serve an answer. JPMorgan Chase Bank moved to amend the complaint, which was granted. JPMorgan Chase Bank replied to the counterclaim and requested admissions from Skoda. In 2013, Skoda requested an extension of time to respond to the request for admissions, which the district court granted. Despite the extension granted, Skoda never responded to JPMorgan Chase Bank's request for admissions. JPMorgan Chase Bank moved for summary judgment. Skoda opposed the motion for summary judgment and JPMorgan Chase Bank replied. The district court

granted JPMorgan Chase Bank's motion for summary judgment. The district court concluded there were no genuine issues of material fact because Skoda failed to deny the allegations in his brief opposing summary judgment, and also because Skoda failed to raise any issue of genuine fact preventing summary judgment from being entered in JPMorgan Chase Bank's favor. The district court found there was no longer any genuine issue of material fact and JPMorgan Chase Bank was entitled to judgment as a matter of law. Skoda appealed.

[¶ 4] Skoda argues genuine issues of material fact exist making summary judgment improper. Skoda contends JPMorgan Chase Bank had no right to collect escrow for property taxes because the previous mortgage holder, Homeside Lending, Inc., waived the right to collect escrow for property taxes. Skoda also argues JPMorgan Chase Bank violated the Fair Credit Reporting Act. According to Skoda, he sent full principal and interest payments, but JPMorgan Chase Bank reported him as having a delinquent payment history on his credit report regardless of the fact that JPMorgan Chase Bank decided to stop accepting the payments.

## II

[¶ 5] In *Anderson v. Zimbelman*, 2014 ND 34, ¶ 7, 842 N.W.2d 852, we explained:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to

judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.

"Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record." *Id.* at ¶ 7.

[¶ 6] Skoda argues summary judgment in favor of JPMorgan Chase Bank was improper because JPMorgan Chase Bank had no right to collect escrow for property taxes because the previous mortgage holder, Homeside Lending, Inc., waived the right to collect escrow for property taxes by accepting partial payments prior to the mortgage being assigned. Skoda also asserts there is a genuine issue of material fact because JPMorgan Chase Bank acted in bad faith by refusing his payments of $542.98. Skoda claims he requested information from JPMorgan Chase Bank to ensure escrow was in compliance with the promissory note terms and had informed JPMorgan Chase Bank he would be prepaying his property taxes for 2012. Skoda claims JPMorgan Chase Bank failed to respond. JPMorgan Chase Bank refused to accept Skoda's payments of $542.98.

[¶ 7] A party may serve another party with a request to admit certain facts relating to the pending action under N.D.R.Civ.P. 36. Under N.D.R.Civ.P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." JPMorgan Chase Bank submitted a request for admissions which summarized the terms of the mortgage and alleged

Skoda's failure to make full payment of agreed to amounts. Skoda requested an extension of forty-five days to respond, but he did not respond. By failing to respond to JPMorgan Chase Bank's request for admissions, Skoda effectively admitted to all relevant facts contained in the request for admissions. While a party may move that an admission be withdrawn or amended, the record does not reflect that Skoda did so in any way as allowed under N.D.R.Civ.P. 36(b). *See Farm Credit Bank of Omaha v. McLaughlin*, 474 N.W.2d 883, 886–87 (N.D.1991) (indicating that a brief and affidavits in opposition to a motion for summary judgment may serve as a motion to withdraw deemed admissions under N.D.R.Civ.P. 36(b)).

[¶ 8] "When a motion for summary judgment is made and supported, the party opposing the motion cannot rest upon mere allegations or denials but must, [under N.D.R.Civ.P. 56(e) ], set forth specific facts showing that there is a genuine issue for trial." *Northwestern Federal Sav. and Loan Ass'n of Fargo v. Biby*, 418 N.W.2d 786, 787 (N.D.1988). The party opposing the motion "must present competent evidence by affidavit or other comparable means creating a material factual dispute." *Norwest Mortg., Inc. v. Nevland*, 1999 ND 51, ¶ 4, 591 N.W.2d 109. To oppose summary judgment, Skoda only submitted three documents as evidence: a copy of a check meant for payment of principal and interest only, a letter from JPMorgan Chase Bank stating payment of $542.89 could not be accepted, and a tax receipt showing the payment of property taxes for 2011. These documents do not raise a genuine issue of material fact and they are consistent with JPMorgan Chase Bank's claims. Skoda made mere allegations and denials in his opposition to summary judgment and failed to present competent evidence of any material facts to withstand summary judgment.

[¶ 9] "The language of a contract governs its interpretation if the language is clear and explicit and does not involve an absurdity." *Bernabucci v. Huber*, 2006 ND 71, ¶ 15, 712 N.W.2d 323 (citing N.D.C.C. § 9–07–02). Section 9–07–09, N.D.C.C., provides:

> The words of a contract are to be understood in their ordinary and popular sense rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed.

The promissory note executed by Skoda states: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Section 1 of the mortgage states: "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3." Section 3 of the mortgage states: "Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the 'Funds') to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property...." Section 3 of the mortgage also states: "Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing." Under the terms of the promissory note and mortgage, Skoda defaulted when he failed to pay the full amount due, which included escrow items. JPMorgan Chase Bank had the authority under Section 1 of the mort-

gage to "return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." JPMorgan Chase Bank's acceleration of the debt and foreclosure proceedings were expressly authorized by the terms of the mortgage and promissory note and the record does not reflect Skoda presented any evidence of waiver, written or otherwise.

[¶ 10] Skoda argues summary judgment in favor of JPMorgan Chase Bank was improper because JPMorgan Chase Bank violated the Fair Credit Reporting Act when he sent full principal and interest payments, but JPMorgan Chase Bank reported him as having a delinquent payment history on his credit report. Skoda presented no evidence that JPMorgan Chase Bank reported him as having a delinquent payment history on his credit report. There being no competent evidence to create a material factual dispute, Skoda's allegations cannot withstand summary judgment.

### III

[¶ 11] The district court did not err in concluding no genuine issues of material fact exist and JPMorgan Chase Bank is entitled to summary judgment as a matter of law, therefore, we affirm.

[¶ 12] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.