2016 ND 66

**APM, LLLP, Plaintiff and Appellant**

v.

**TCI INSURANCE AGENCY, INC., Defendant and Appellee.**

No. 20150243.

Supreme Court of North Dakota.

March 15, 2016.

Mara C. Brust, Fargo, N.D., for plaintiff and appellant.

John F. Thomas (argued) and Kristi K. Brownson (appeared), Minneapolis, MN, for defendant and appellee.

McEVERS, Justice.

[¶ 1] APM, LLLP, appeals from a summary judgment dismissing its negligence claims against TCI Insurance Agency, Inc. We affirm, concluding the district court did not err in deciding that no genuine issues of material fact exist and TCI is entitled to summary judgment as a matter of law.

I

[¶ 2] APM, a property management company, sought a builders risk insurance policy from TCI to cover an apartment building under construction in Fargo. Jay Alsop, APM's president, discussed insurance policies with TCI's agent Devin Gaard. One policy in particular, from Philadelphia Insurance Company ("Philadelphia"), covered lost rent and other "soft costs," such as interest.

[¶ 3] Alsop also received a quote from a different insurance agency for another policy from Travelers Insurance Company ("Travelers"), which was cheaper than the Philadelphia policy. The Travelers policy did not have coverage for lost rent and soft costs. Alsop informed Gaard about the Travelers policy and requested Gaard to procure the policy as it was quoted by the other agency, without change.

[¶ 4] A fire at the construction site delayed the opening of the apartment building for five months. APM filed a claim under the insurance policy for damages caused by the fire, including lost rent and interest charges. Travelers paid part of the claim, but denied the claim for lost rent and interest because the policy did not provide coverage for those costs.

[¶ 5] APM sued TCI, alleging TCI and Gaard were negligent for failing to offer APM a policy endorsement that provided additional coverage for lost rent and soft costs. TCI denied liability and moved for summary judgment, claiming that APM did not request the additional coverage for lost rent and soft costs and that TCI and Gaard were not required to offer the additional coverage to APM. The district court granted TCI's motion, determining only one conclusion could be drawn from the facts. The court concluded APM failed to raise a genuine issue of material fact as to whether Gaard breached his duty to APM. The court also concluded Gaard's duty was

not enhanced because APM failed to establish a genuine issue of material fact indicating a special relationship existed between APM and TCI.

[¶ 6] On appeal, APM argues the district court erred in granting summary judgment to TCI. APM argues the district court erred in deciding there were no genuine issues of material fact as to whether: (1) Gaard breached his duty to APM; and (2) a special relationship existed between APM and TCI.

## II

[¶ 7] We have explained our standard of review for summary judgment:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.

*JPMorgan Chase Bank v. Skoda*, 2014 ND 67, ¶ 5, 844 N.W.2d 870 (quoting *Anderson v. Zimbelman*, 2014 ND 34, ¶ 7, 842 N.W.2d 852). "Summary judgment is appropriate against a party who fails to establish the existence of a factual dispute as to an essential element of his claim and on which he will bear the burden of proof at trial." *Perius v. Nodak Mut. Ins. Co.*, 2010 ND 80, ¶ 9, 782 N.W.2d 355. "Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record." *Skoda*, at ¶ 5 (quoting *Anderson*, at ¶ 7).

[¶ 8] Generally, negligence actions involve issues of fact and are inappropriate for summary judgment. *Perius*, 2010 ND 80, ¶ 13, 782 N.W.2d 355. However, "[i]n a negligence action, whether or not a duty exists is generally an initial question of law for the court." *Rawlings v. Fruhwirth*, 455 N.W.2d 574, 577 (N.D. 1990). If the existence of a duty depends on resolving factual issues, the facts must be resolved by the trier of fact. *Saltsman v. Sharp*, 2011 ND 172, ¶ 11, 803 N.W.2d 553. Issues of fact may become issues of law if reasonable persons could reach only one conclusion from the facts. *Id.*

## A

[¶ 9] APM argues the district court erred in deciding APM failed to raise a genuine issue of material fact as to whether Gaard breached his duty to APM. APM argues the district court erred in concluding TCI and its agent Devin Gaard met the minimum standard of care of a reasonable prudent insurance agency.

[¶ 10] In *Rawlings*, 455 N.W.2d at 577, this Court adopted the Minnesota duty of care standard for insurance agents, "which requires an insurance agent to exercise the skill and care which a reasonably prudent person engaged in the insurance business would use under similar circumstances." *See Gabrielson v. Warnemunde*, 443 N.W.2d 540, 543 (Minn.1989). "This duty is ordinarily limited to the duties imposed in any agency relationship to act in good faith and follow instructions." *Rawlings*, at 577.

[¶ 11] *Rawlings* was a negligence case arising out of an automobile accident. 455 N.W.2d at 575. The insured, Sweeney,

had an automobile policy with a liability limit of $25,000. *Id.* Sweeney sought umbrella coverage from agent Larson, and Larson sold him a policy covering liability from $250,000 to $1,250,000. *Id.* Thus, a gap existed in Sweeney's liability insurance coverage between the $25,000 limit of the automobile policy and the $250,000 lower limit of the umbrella policy. *Id.* The accident victim sued Larson and his agency, alleging Larson breached a duty to procure insurance requested by Sweeney. *Id.* The district court granted summary judgment to Larson, concluding he did not breach any duty owed to Sweeney. *Id.*

[¶ 12] In *Rawlings*, 455 N.W.2d at 577, this Court noted that Larson sold Sweeney the umbrella policy Sweeney requested. There was evidence Larson and Sweeney discussed the gap in coverage between the automobile policy and the umbrella policy, but Sweeney did not instruct Larson to fill the gap with additional coverage. *Id.* We concluded "Larson did not fail in his duty to follow the instructions and procure the insurance requested by Sweeney." *Id.* at 578.

[¶ 13] Here, in granting summary judgment to TCI, the district court stated *Rawlings* was "very instructive," and under *Rawlings*, "a reasonable person could not differ in the finding the defendant did not breach his ... duty." The court stated, "viewing the evidence in the light most favorable to [APM], [Gaard] did not fail in his duty to follow the instructions and procure the insurance requested by Alsop." The court stated TCI and Gaard had no duty to procure additional insurance to cover lost rent and soft costs without a specific request from Alsop.

[¶ 14] We agree *Rawlings* controls and only one conclusion can be reached from the facts. Alsop sought a builders risk policy from Gaard. They discussed two different policies: the Philadelphia policy,

which covered lost rent and soft costs, and the Travelers policy, which did not. Alsop received a quote for the Travelers policy from another agency before purchasing it from Gaard. Gaard informed Alsop the Travelers policy did not cover soft costs. Alsop instructed Gaard to procure the Travelers policy as quoted by the other agency, and there is no evidence Alsop requested additional coverage for lost rent and soft costs. Gaard was simply following Alsop's instructions when he procured the Travelers policy for APM.

[¶ 15] APM does not dispute Alsop instructed Gaard to obtain the Travelers policy, but instead argues Gaard breached his duty by stating coverage for lost rent and soft costs was not available from Travelers. Gaard informed Alsop that he believed an endorsement to cover lost rent and soft costs was not available under the Travelers policy. The parties later learned during litigation an endorsement covering lost rent and soft costs was available from Travelers at the time Gaard purchased the policy for APM.

[¶ 16] Although Gaard misstated whether an endorsement to the Travelers policy was available, we conclude that misstatement does not raise a genuine issue of material fact as to whether Gaard breached his duty to APM. Generally, an insurance agent's duty to the insured is to act in good faith and follow instructions. *Rawlings*, 455 N.W.2d at 577. There is no evidence indicating Gaard made the statement in bad faith. Alsop knew the Travelers policy did not cover lost rent and soft costs when he requested Gaard to purchase the policy. Alsop knew there was another policy offering the extra coverage, but he instructed Gaard to purchase the Travelers policy. Viewing the evidence in a light most favorable to APM and giving it the benefit of all favorable inferences, we conclude APM failed to establish a

genuine issue of material fact as to whether Gaard breached his duty to act in good faith and follow instructions in procuring the insurance requested by APM.

B

[¶ 17] APM argues the district court erred in deciding there was no genuine issue of material fact as to whether a special relationship existed between APM and TCI. APM argues Gaard was required to advise APM of all coverage and endorsements available for the builders risk policy.

[¶ 18] In *Rawlings*, this Court held "[a] special relationship is required to expand the general duties owed by an insurance agent." 455 N.W.2d at 579. A special relationship or circumstances may require an agent to take action not specifically requested by the insured. *Id.* at 578. We further stated:

> [S]omething more than the standard policyholder-insurer relationship is required in order to create a question of fact as to the existence of a 'special relationship' obligating the insurer to advise the policyholder about his or her insurance coverage. There must be, in a long-standing relationship, some type of interaction on a question of coverage, with the insured relying on the expertise of the insurance agent to the insured's detriment.

*Id.* (quoting *Bruner v. League General Ins. Co.*, 164 Mich.App. 28, 416 N.W.2d 318, 321 (1987)).

[¶ 19] There is no evidence indicating a special or long-standing relationship existed between APM and TCI. The district court stated, "Alsop was an ... experienced businessman in this area of procuring builders risk insurance, had done it before, had talked to various agencies other than this purchase." Alsop testified he relied on Gaard's and TCI's advice when he was purchasing the policy at issue here. However, Alsop and APM did not purchase insurance exclusively through Gaard and TCI. Alsop testified APM purchased another builders risk policy from a different agency while he was working with Gaard and TCI. As discussed, Alsop received a quote for the Travelers policy from a different agency before requesting it from Gaard and TCI. We conclude APM failed to raise a genuine issue of material fact as to whether a special relationship existed between APM and TCI.

III

[¶ 20] The district court's order is supported by undisputed facts and law. The summary judgment is affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.